HAMP ANDREWS v. STATE.

184 So. 88.

Division A.

Opinion Filed October 24, 1938.

*H. O. Brown,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the offense of larceny of a cow.

Plaintiff in error contends that the trial court erred in denying his motion for continuance. He also contends that the evidence is not sufficient to support the verdict.

In Yarborough v. State, 94 Fla. 143, 114 Sou. 237, we held:

"The exercise by the trial court of discretion in the matter of granting or denying applications for continuance will not be interfered with by an appellate court unless it is clearly shown that there has been a palpable abuse of such discretion to the manifest injury of the party against whom it was exercised."

In Moore v. State, 59 Fla. 23, 52 Sou. 971, we held:

"An application for a continuance on the ground of an absent witness should state under oath the facts expected to be proven by the witness, where and how the information was obtained, and that the desired witness would testify as stated, and the application should also state facts showing that all reasonable effort has been made to secure the attendance of the witness at the time the application for continuance is made; that he is absent without the consent of the party, directly or indirectly given, that he resides within the jurisdiction of the court; that the testimony is material and not merely cumulative; that the testimony desired cannot be given by any available witness; that the applicant reasonably expects to procure the presence of the witness at the future day; that he cannot safely go to trial without the testimony of the witness; that the application is made in good faith and not for delay only.

"Motions for continuance are in the discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized."

See also Browne v. State, 92 Fla. 699, 109 Sou. 811; Whitman v. State, 97 Fla. 988, 122 Sou. 567.

The motion for continuance in this case entirely failed to meet the requirements of the rule as stated in the cited

cases. The record shows that one of the witnesses named as an absent witness in the motion, Carl Cone, was in the court room and was during the trial identified by a State's witness while on the stand testifying in this case.

There was no error in denying the motion.

The evidence was amply sufficient to sustain the verdict and judgment.

A consideration of the entire record discloses no reversible error. So the judgment is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.