252 So.2d 851 (1971)
Jewel Evangeline ROWAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-959.
District Court of Appeal of Florida, Third District.
September 28, 1971.
Rehearing Denied October 20, 1971.
Jack J. Taffer, Miami, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before CHARLES CARROLL, HENDRY and BARKDULL, JJ.
PER CURIAM.
Appellant was charged by information with the crime of murder in the second degree. Upon trial she was found guilty of murder in the third degree and was so adjudged, and sentenced accordingly. On her appeal therefrom it is argued the evidence was insufficient to permit conviction for the crime of murder in the third degree, and was insufficient to have supported a finding of guilt of the crime charged. It is further contended by appellant that the trial court committed reversible error in allowing, over objection, use by the state of a rebuttal witness who had not been included in a furnished list of prospective witnesses.
Upon consideration thereof in the light of the record and briefs we conclude no reversible error has been made to appear. While the evidence was not without conflict, the record discloses a sufficiency of evidence upon which the defendant could have been found guilty of second degree murder. The jury's conviction of *852 the defendant for the lesser degree of murder was permissible in law. The ruling allowing the state to use a rebuttal witness not previously listed was within the discretion of the trial court, and the circumstances in which the ruling was made were not shown to be such as should cause this court to reverse the judgment. See Rhome v. State, Fla.App. 1969, 222 So.2d 431; Buttler v. State, Fla.App. 1970, 238 So.2d 313; Howard v. State, Fla.App. 1970, 239 So.2d 83. In conformity to those rulings, the trial court in its discretion may permit production of testimony of a rebuttal witness not previously listed, where the need or occasion for such rebuttal testimony is prompted by testimony presented on behalf of the defendant, and where the necessity for it reasonably may not have been anticipated.
Affirmed.