277 So.2d 58 (1973)
Arthuro SAVINON, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-957.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Stone & Sostchin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant was found guilty by a jury of the unlawful sale of a narcotic drug. He was sentenced to a term of ten years in the state prison. On this appeal, he presents five points for reversal.
Our review of the record indicates that the jury verdict was based on sufficient evidence and that the proof of appellant's guilt is clear and convincing. The narcotic drug which appellant sold was cocaine.
Appellant's first point urges that he should be granted a new trial because the trial court erred in permitting a witness to testify who was not included on the State's list of witnesses. The witness referred to was the chemist who testified as to the fact that the package sold by the appellant contained cocaine. The witness list furnished to appellant prior to trial contained the name of the chemist who originally examined the evidence. When the court set an exact trial date, it became apparent that this witness would be unavailable. The trial judge, in order to expedite the progress of the case, ordered the Dade County Crime Laboratory to make a new chemical analysis of the evidence involved. The analysis was duly performed in accordance with the court order. However, the name of the substitute chemist was not furnished to the appellant, and a copy of the report was not furnished until the day of the trial. If it could reasonably be said that *59 this omission could have interfered with appellant's preparation of his defense, we would have given further consideration to this point. It affirmatively appears from the record, however, that appellant was in no way prejudiced by the substitution of the chemist and the State's tardy delivery of the report. Therefore, error has not been shown. See Richardson v. State, Fla. 1971, 246 So.2d 771, 774.
Appellant's second point urges that the trial court erred in denying his motion for discharge pursuant to his demand for speedy trial. The record on this appeal shows that appellant not only continued the progress of discovery after the time of filing his demand, but it also shows that defense counsel was not ready to proceed on at least one occasion when the case was called and the State was ready to proceed. Under such circumstances, the court correctly denied discharge because of the failure to provide a trial within the sixty-day period provided by the rule. See State ex rel. Hanks v. Goodman, Fla. 1971, 253 So.2d 129.
Appellant's points three and four attack the court's ruling concerning the admissibility of evidence. We have examined the circumstances under which the evidence was admitted and find that no prejudicial error is indicated.
Appellant's final point is based upon a claimed error in the court's refusal to force the State to disclose the name of the confidential informant who was present at the time that defendant made the sale of cocaine to a police officer. We have recently had occasion to discuss the circumstances that are necessary in order to present error where the State has refused to divulge the name of a confidential informant. See Doe v. State, Fla. App. 1972, 262 So.2d 11.
Since we have examined each of appellant's points in the light of the briefs and the record, and since we find that no error has been demonstrated, the judgment is affirmed.
Affirmed.