295 So.2d 654 (1974)
Arthur Lee BREEDLOVE, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1403.
District Court of Appeal of Florida, Third District.
June 4, 1974.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before CARROLL and HENDRY, JJ., and LESTER, M. IGNATIUS, Associate Judge.
PER CURIAM.
The appellant was informed against, tried and convicted of the separate offenses *655 of robbery and of breaking and entering a dwelling with intent to commit robbery and therein committing an assault. Two sentences of 20 years imprisonment followed, with provision for the service thereof to be concurrent. The defendant appealed.
We hold no reversible error has been shown. The ruling of the trial court permitting the state to use a rebuttal witness who had not been listed as an intended witness was not an abuse of discretion in the circumstances. See Rowan v. State, Fla.App. 1971, 252 So.2d 851, 852, and cases cited there. The motion for new trial was properly denied. One of the witnesses who was to testify on the defendant's defense of alibi had stated in a pretrial deposition that he had observed the defendant at a church fish fry held on the eleventh day of the month which was a Saturday. The offense occurred in the early hours of that day. The church held such fish frys on Friday and Saturday evenings. Before trial the witness appeared at the office of the state attorney and stated his prior deposition testimony that the date in question was the eleventh of the month was not correct, and that the correct date was the tenth. At trial he testified as he had on the deposition. On motion for new trial it was contended the witness was threatened with perjury, and was coerced into adhering to his prior deposition testimony. The court conducted a hearing thereon at which testimony was given by a number of witnesses who were present at the state attorney's office at the time involved. The conclusion of the court that the witness was not so threatened or coerced is supported by the record thereof. That ground of the motion for new trial was properly rejected.
The reference in testimony of a witness at trial, that the present status of incarceration of the defendant was for a previously committed robbery, was not reversible error in the circumstances shown. When the crime involved in this case was committed the defendant was serving a sentence of imprisonment, in a state detention work camp in Palm Beach County, from which it appears he was furloughed on the week ends. The defendant had brought out the fact of his incarceration status. Moreover, the evidence as to the nature of the crime for which he was so imprisoned, which was elicited by the state from a defendant's witness on cross-examination, was not made the basis of an objection or motion to strike by the defendant at trial.
The judgment is affirmed.