347 So.2d 832 (1977)
Eugene HOLMAN, a/k/a James Holman, Jr., Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-1074, 76-1196.
District Court of Appeal of Florida, Third District.
July 6, 1977.
*833 Bennett H. Brummer, Public Defender, and Paul Morris, Asst. Public Defender, and James Wulchak, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
BARKDULL, Judge.
On January 21, 1976, Holman was charged by information with assault on the occupant of a house, robbery, and aggravated battery. He filed a notice of alibi pursuant to Fla.R.Cr.P. 3.200.[1] At trial, defense presented alibi witness, Frank Ziegler, who stated that the defendant had been with him on the day of the incident on a Metro bus and that he and the defendant went to Goodwill Industries, where he [Ziegler] applied for a job. During the lunch break, the State located a witness from Goodwill who could testify as to the records and who produced the employment application of Ziegler, which showed it was dated January 21, 1976, a date different from that alleged to be the date on which the crimes occurred. Immediately thereupon the defense counsel was tendered the witness by the State during the recess, and defense counsel interviewed the witness. The trial court then allowed the State to elicit testimony from the rebuttal witness from Goodwill Industries. The defendant objected to allowing rebuttal witness to testify, based on surprise and in the State not complying with Fla.R.Cr.P. 3.200. The motion was denied and the rebuttal witness identified the employment application, which disclosed that Ziegler had applied for a job on a day different from the day of the alleged crime. The jury thereafter found the defendant *834 guilty of the three charges, and sentence was imposed accordingly. This appeal ensued.
The appellant contends the trial court erred in allowing the rebuttal witness to testify because (a) the State failed to properly notify the defendant of the rebuttal witness pursuant to Fla.R.Cr.P. 3.200, and (b) the witness was a surprise. Alternatively, the trial court should have allowed the defendant to depose the witness. Also, the defendant should have been allowed an hour to prepare a closing argument, necessitated by the testimony of the surprise witness.
The appellant contends that reversal is mandated where the defendant filed a notice of alibi, pursuant to Fla.R.Cr.P. 3.200, and the prosecution failed to file a notice of witnesses who would testify in rebuttal. While the terms of the rule provide that the court may exclude such rebuttal testimony, the rule also provides that the court may waive the requirements of the rule. In other words, the trial court must exercise its discretion under the circumstances of each case.
Fla.R.Cr.P. 3.200 and 3.220 are similar and much of what has been written regarding the latter is equally applicable to the former. It is noted that a discovery rule violation does not necessarily require exclusion of the witness or physical evidence. In Richardson v. State, 246 So.2d 771 (Fla. 1971), the following is found:
* * * * * *
"* * * petitioner's contention that the State's noncompliance with the Rule entitles him, as a matter of right, to have a non-listed witness excluded from testifying, or to have a mistrial where it becomes evident during the trial that there existed a witness who probably had knowledge of facts relevant to petitioner's defense, is not tenable. The Rule was designed to furnish a defendant with information which would bona fide assist him in the defense of the charge against him. It was never intended to furnish a defendant with a procedural device to escape justice. * * *" [emphasis added]
* * * * * *
The Supreme Court of Florida, in Cooper v. State, 336 So.2d 1133 (Fla. 1976), stated:
* * * * * *
"* * * failure to obey the Rule should be remedied in a manner consistent with the seriousness of the breach. Relevant evidence should not be excluded from the jury unless no other remedy suffices. * * *"
* * * * * *
See, also, Williams v. State, 264 So.2d 106 (Fla. 4th D.C.A. 1972); Kruglak v. State, 300 So.2d 315 (Fla. 3rd D.C.A. 1974).
The key question in any discovery violation is prejudice. Where a defendant is prejudiced by the State's failure to comply with the rule or failure to produce evidence, it does not matter whether that failure was purposeful or not. Pizzo v. State, 289 So.2d 26 (Fla. 2nd D.C.A. 1974). On the other hand, a violation of a rule of procedure prescribed by the Supreme Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant. Sections 59.041 and 924.33, Florida Statutes (1975); Williams v. State, 316 So.2d 267 (Fla. 1975); Richardson v. State, supra; Cooper v. State, supra.
While the case law repeatedly talks about "prejudice" and "harm", little attempt is made to define these terms. Instead, the opinions either conclude that prejudice has occurred or has not occurred and reverse or affirm accordingly. The State submits that "prejudice" cannot simply mean that the testimony is detrimental to the defense, for that is the purpose of all of the State's evidence. Indeed, if the evidence was not prejudicial to the defendant's claim of innocence, the evidence would not be relevant or material to the case, and excludable on that basis. Likewise, defense counsel's reliance on the failure to list a potential witness cannot be the sole basis for exclusion of that witness, for if that were the test the trial court would not be permitted to allow *835 a non-listed witness to testify. However, this court has repeatedly noted that the trial court's decision to allow a non-listed rebuttal witness is a matter of discretion, dependent on the circumstances of the case. Breedlove v. State, 295 So.2d 654 (Fla. 3rd D.C.A. 1974); Rowan v. State, 252 So.2d 851 (Fla. 3rd D.C.A. 1971).
Turning to the facts in this case, the record discloses the victim identified the defendant, through police photographs, at a lineup and at trial as the person who broke into her home, robbed her, and brutally assaulted her. A police expert, specializing in questioned documents, testified that the handwriting on a piece of paper left at the scene of the crime was the same as the handwriting on an employment application filled out by the defendant.
The defendant did not testify, but did call Frank Ziegler to testify as an alibi witness. Mr. Ziegler testified as to being with the defendant on the day in question and that they were both looking for employment. Mr. Ziegler remembered the date in question because he had applied for a job at Goodwill Industries on that date. On direct examination, defense counsel asked:
* * * * * *
"Q Did you previously know James Holman?
"A Yes.
"Q For how long have you known him?
"A Several years.
"Q What is your relationship with Mr. Holman?
"A He is a friend of mine.
* * * * * *
"Q And what was he doing?
"A Well, he was coming up to the bus stop where I was.
* * * * * *
"Q What happened then? What did you do after that?
"A We talked a while, and I waited for a bus, because we was going to look for a job that day.
"Q And do you recall what bus you caught?
"A 23.
"Q Is that an 
"A Metro.
* * * * * *
"Q And if someone were to call Goodwill and ask if you put an application in on that date, would they verify that?
"A They should."
* * * * * *
After the defense rested, the State Attorney requested a continuance to see if they could locate a rebuttal witness from Goodwill Industries. The court denied the State's request for an extended continuance, recessed the trial for lunch, and advised the State that the trial would reconvene at 1:30 P.M. whether the witness was there or not. When the trial reconvened at 1:30 P.M., the court had been advised of the presence of the rebuttal witness. The defense objected to the witness testifying since he had not been listed as a rebuttal witness. The motion was denied. The court noted that the defense's investigation had probably revealed the possibility of such rebuttal because counsel acknowledged that he had made inquiry into the existence of such an employment application at Goodwill Industries. Defense counsel knew prior to the trial that Ziegler contended that on the date of the alleged crimes the defendant was with him on a Metro bus, and the reason that he knew the date was December 17, 1975 was because he had applied for work at Goodwill Industries. The State had no knowledge that it was because of this alleged job application that the alibi witness tied the bus trip to the day in question, until the responses to questions brought out by defense counsel of the witness Ziegler. There was no withholding by the State as to Goodwill Industries, and it certainly was no surprise to defense counsel.
Defense counsel next moved for a continuance so that he might be able to take deposition of the witness and have it transcribed. The court again verified that defense counsel had already spoken with the *836 witness and offered to give defense counsel additional opportunity to speak to the witness. The court's offer was rejected and the trial proceeded.
Appellant seeks to analogize the instant cause to that of Smith v. State, 319 So.2d 14 (Fla. 1975), and Watson v. State, 291 So.2d 661 (Fla. 4th D.C.A. 1971), wherein it was held to be reversible error to permit a non-listed witness to testify in rebuttal of defendant's claim of alibi. However, the facts of those cases made it clear that the prosecution had knowledge of the existence of the rebuttal evidence before defendant's alibi witness took the stand and intentionally withheld disclosure of its rebuttal evidence. In the instant cause it is clear that the prosecution learned of the potential rebuttal evidence only after the alibi witness began testifying.
The trial court, through its discussion with defense counsel, assured itself that defense counsel reasonably anticipated the existence of such a witness, and that counsel had been afforded the opportunity to speak to the witness prior to his testifying. Where defense counsel is shown to have had prior knowledge of the possibility of a witness testifying, even though the witness is not listed by name, it is not error to permit the witness to testify. Cooper v. State, supra; Pizzo v. State, supra; Armbrister v. State, 320 So.2d 466 (Fla. 3rd D.C.A. 1975); Savinon v. State, 277 So.2d 58 (Fla. 3rd D.C.A. 1973).
Finally, defendant asserts that the trial court committed additional error in refusing to allow a continuance so that defense counsel might revise his closing argument. A trial judge is vested with broad discretion in matters of a requested continuance and that, by virtue of his closeness and intimacy with the circumstances of the case, he will not be reversed on appeal unless there is a clear showing of a palpable abuse of this judicial discretion. Moore v. State, 59 Fla. 23, 52 So. 971 (1910); Hall v. State, 70 Fla. 48, 69 So. 692 (1915); Walker v. State, 93 Fla. 1069, 113 So. 96 (1927); Hysler v. State, 132 Fla. 209, 181 So. 354 (1938); Andrews v. State, 134 Fla. 450, 184 So. 88 (1938); Acree v. State, 153 Fla. 561, 15 So.2d 262 (1943); Sikes v. State, 280 So.2d 17 (Fla. 3rd D.C.A. 1973); Mobley v. State, 327 So.2d 900 (Fla. 3rd D.C.A. 1976); Abbott v. State, 334 So.2d 642 (Fla. 3rd D.C.A. 1976).
Moreover, it has often been emphasized that applications for a continuance in a criminal case must be more closely and rigidly reviewed than in a civil case because of the greater temptation to obtain delay in a criminal case. Moore v. State, supra; Hall v. State, supra; Walker v. State, supra; Hysler v. State, supra; Acree v. State, supra. Specifically, in Moore v. State, supra, it was noted that where testimony should reasonably have been anticipated it will not warrant a continuance for surprise. Therefore, it cannot be said that the trial court abused its discretion in this ruling.
The other points urged as error are found to be without merit. Roberts v. State, 154 So.2d 695 (Fla. 2nd D.C.A. 1963); Collins v. State, 180 So.2d 340 (Fla. 1965); Russ v. State, 313 So.2d 758 (Fla. 1975); Darden v. State, 329 So.2d 287 (Fla. 1976), cert. dism. ___ U.S. ___, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977); G.W.B. v. State, 340 So.2d 969 (Fla. 1st D.C.A. 1976); Section 59.041, Florida Statutes (1975).
Therefore, the convictions here under review be and the same are hereby affirmed.
Affirmed.
NOTES
[1] * * * * *
"Pursuant to Rule 3.200 of the Florida Rules of Criminal Procedure, the Defendant hereby notifies the State of Florida that he may rely upon the defense of alibi.
"At 9:30 a.m. on December 17, 1975, the Defendant was riding on a public bus operated by Dade County, Florida.
"The witnesses by whom the Defendant expects to prove this defense are:
Frank Ziegler"
* * * * * *