DOWNEY, Chief Judge.
Although appellant states seven points for consideration on appeal only one deserves discussion. That point involves the failure of the trial court to grant appellant’s motion for a continuance.
Appellant and Rubin Lopez were arrested in conjunction with the burglary of a dwelling. On April 14, 1977, Appellant moved for a speedy trial and to produce Lopez at appellant’s trial, Lopez then being incarcerated in the State prison system. The motion to produce was granted and dated April 13, 1977; the motion for speedy trial was granted and dated April 14, 1977, and trial was set for April 19, 1977. One day before trial appellant moved orally for a continuance because the State had been unable in the time allowed to obtain the presence of Lopez. The trial judge denied the motion for continuance on the ground that when appellant requested the speedy trial that meant he was unconditionally ready to go to trial as of that time. Appellant argued that in the context of this case it meant he was ready to go to trial if the State produced Lopez.
Appellant may be correct in his analysis of the speedy trial rule as applied to the circumstances of this case. However, rulings upon motions for continuances involve the exercise of the trial court’s discretion and if the court is correct for any reason he should be affirmed. Stated another way, the burden is upon the appellant to demonstrate reversible error, and he has failed to do so.
*864 Appellant’s motion for continuance made the day before trial was made orally. Rule 3.190(a), Florida Rules of Criminal Procedure, requires all pretrial motions to be in writing unless waived by the court. Rule 3.190(g)(4), Florida Rules of Criminal Procedure, requires a motion for continuance to be certified by counsel to have been made in good faith. ' No showing was made even orally that the witness would testify to facts which would assist appellant in his defense and that those facts could not be proven by another witness. Yet it has long been the rule in this jurisdiction that a motion for continuance on the ground of an absent witness must show the subject matter of the expected testimony and that it will not be cumulative. Smith v. State, 59 So.2d 625 (Fla.1952); Andrews v. State, 134 Fla. 450, 184 So. 88 (1938).
Having failed to meet the procedural requirements for a continuance, appellant is not in a position to fault the trial judge for denying his motion therefor. Accordingly, the judgment appealed from is affirmed.
LETTS, J., concurs.
ANSTEAD, J., dissents, with opinion.