376 So.2d 1149 (1979)
Harold Gene LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. 51135.
Supreme Court of Florida.
June 14, 1979.
Rehearing Denied December 5, 1979.
*1150 Jack O. Johnson, Public Defender; and David S. Bergdoll and W.C. McLain, Asst. Public Defenders, Bartow, for appellant.
Jim Smith, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was convicted of murder in the first degree and sentenced to death following recommendation of the jury. Under authority of article V, section 3(b)(1), Florida Constitution, we affirm the conviction but reverse and remand for resentencing.
The victim, Jill Piper, was appellant's girlfriend. A week before her death, she and appellant became embroiled in a heated argument which continued for several days. On the night of the murder, appellant arrived at Jill's house carrying a shotgun. Anticipating a visit by appellant, the victim and her friends, Terri Rice and Ricky Byrd, armed themselves. They were surprised, however, when appellant suddenly appeared from the side of the house, catching them in the yard, and began shooting. Jill Piper was struck immediately, but Terri and Ricky ran unharmed into the house to hide in a bedroom. The evidence is unclear as to what next occurred. According to Ricky's testimony, Jill came into the house, struggled with appellant, and was shot several more times. In any event, appellant soon burst into the bedroom where Ricky and Terri were hiding and shot them. Jill's body was found outside the house.
Appellant raises two points for our consideration: (1) whether the trial court committed reversible error in allowing an undisclosed rebuttal witness to testify without conducting an inquiry into the circumstances surrounding the state's non-compliance with the rules of discovery, and (2) whether the trial court erred in imposing the death penalty where (a) relevant mitigating factors were not considered and (b) non-statutory aggravating factors were considered.

I
Appellant's primary defense was that he was intoxicated at the time of the offense and was incapable of forming the premeditation required by statute. In order to support this claim, appellant produced several witnesses who testified to his appearance and behavior on the night of the murder. In rebuttal, the state called a police officer whose name had not been included in the list of prospective witnesses supplied to appellant in accordance with Fla.R. Crim.P. 3.220. The following dialogue took place at the time the witness was called:
[Defense counsel] Your honor, may I approach the bench, please?
[The court] All right.
[Defense counsel] Your honor, what I am looking for is my witness list provided to me by the State in this matter. To my knowledge 
[The court] Rebuttal witness does not have to be furnished.
[Defense counsel] Very well, your honor.
*1151 The officer then testified as to appellant's appearance and behavior, approximately two hours before the shooting, when he was stopped because of a minor traffic violation.
Appellant contends that the trial court committed reversible error by allowing this undisclosed rebuttal witness to testify, without first conducting an inquiry into the circumstances surrounding the state's non-compliance with Rule 3.220. That rule provides in pertinent part:
(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
Rebuttal witnesses, the necessity for whom the state can reasonably anticipate, are included within the operation of the rule. Hardison v. State, 341 So.2d 270 (Fla. 2nd DCA 1977); Frazier v. State, 336 So.2d 435 (Fla. 1st DCA 1976); Breedlove v. State, 295 So.2d 654 (Fla. 3d DCA 1974); Rowan v. State, 252 So.2d 851 (Fla. 3d DCA 1971).
The rule further provides:
(j) Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule ... the court may ... prohibit the party from calling a witness not disclosed... .
The state's non-compliance with the rule does not, however, entitle the defendant to have an unlisted witness excluded as a matter of right. The test is whether or not a defendant is prejudiced thereby. Smith v. State, 319 So.2d 14 (Fla. 1975); Richardson v. State, 246 So.2d 771 (Fla. 1971). It lies within the broad discretion of the trial judge to determine this fact. He may only reach such a determination, however, after making an adequate inquiry into the circumstances surrounding the state's non-compliance. In Richardson v. State, supra, we held:
The trial court has discretion to determine whether the non-compliance would result in harm or prejudice to the defendant, but the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. We think that the District Court of Appeal for the Fourth District has succinctly stated the burden that the Rule places both upon the prosecuting attorney and upon the trial court in the following quoted extract from its opinion in Ramirez v. State, supra: [241 So.2d 744 (Fla. 4th DCA 1970)]
"The point is that if, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial." [At 775.]
It is clear from the record in this case that the state failed to comply with Rule 3.220. It is also clear that the trial judge allowed the undisclosed witness to testify without a Richardson inquiry into the surrounding circumstances of the state's non-compliance. On these points, appellant's argument is well taken. However, one essential ingredient is missing. Since the state's non-compliance with Rule 3.220 does not require automatic reversal, it was incumbent upon the appellant to raise a timely objection and thereby allow the trial *1152 court to specifically rule on the issue. The record shows that while defense counsel brought the state's non-compliance to the attention of the court, he did not interpose an objection; but rather, he deferred to the trial court's statement of the applicable law. This court will not indulge in the presumption that the trial judge would have made an erroneous ruling had an objection been made and authorities cited contrary to his understanding of the law. Under the circumstances, the trial judge was not required to make further inquiry.

II
Appellant's second point goes to the issue of sentencing. Following the jury's recommendation of death, the trial judge made the following findings of fact:[*]
You, HAROLD GENE LUCAS, having been tried by a jury and found guilty of Counts One, Two and Three of the Indictment, this Court does now adjudicate you guilty of the crime of Murder in the First Degree and also guilty of two separate counts of Attempted Murder in the First Degree.
The same jury, after a supplementary hearing and argument of counsel, has recommended to this Court that you do be sentenced to death for the murder of ANTHIA JILL PIPER.
In accordance with our Statutes, the Court has mentally reviewed the evidence and dwelt on the facts as brought out during the trial.
I find one mitigating circumstance to be, there is no showing of any substantial past criminal record.
The aggravating circumstances are:
1. The crime of First Degree Murder was committed only seconds, or at best, only minutes, before he committed two other felonies, to-wit: two separate counts of Attempted First Degree Murder.
2. That each of the three crimes committed by the Defendant were carried out with such an indifference to others as to create great possible injury to others. Each was also carried out in such a sadisitic [sic] fashion as to be especially heinous, atrocious and cruel.
Despite the Court's doubts as to the efficacy of the death penalty, it is impossible for me to find any justifiable reason for disturbing the jury's advisory sentence.
It is therefore, the sentence of the Court that you be, and are, hereby sentenced:
For Count One, you are hereby sentenced to death, the same to be carried out in accordance with the Laws of the State of Florida, and may God have mercy on your soul.
For Counts Two and Three, you are hereby sentenced to 30 years in the State Penitentiary for Count Two, and 30 years in the State Penitentiary for Count Three; these two sentences shall run consecutively.
It is appellant's contention that the trial judge erred by including in the weighing process two non-statutory aggravating circumstances and by failing to include two relevant mitigating circumstances. Specifically, appellant points to numbers (1) and (2) in the judge's findings and argues that the fact that the murder was committed only minutes before the commission of two other felonies is not one of the eight statutorily enumerated aggravating circumstances found in section 921.141, Florida Statutes. We disagree. Section 921.141(5)(b), Florida Statutes (1975) provides as an aggravating factor:
(b) The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person.
Prior to sentencing in this case, appellant was convicted of the attempted murders of Ricky Byrd and Terri Rice. It is true that the two felony convictions were entered *1153 contemporaneously with the conviction of murder in the first degree, but both were entered "previous" to sentencing and were therefore appropriately considered by the trial judge as an aggravating circumstance.
We also reject the argument that the trial judge erred in finding that "each of the three crimes committed by the Defendant were carried out with such an indifference to others as to create great possible injury to others." Appellant relies on the following language in Elledge v. State, 346 So.2d 998 (Fla. 1977) to support his contention that the nature and character of the attempted murders is irrelevant:
It is only conduct surrounding the capital felony for which the defendant is being sentenced which properly may be considered in determining whether the defendant "knowingly created a great risk of death to many persons." Section 921.141(5)(c), Florida Statutes. [At 1004.]
In that case, the trial judge improperly considered as an aggravating factor the circumstances surrounding a murder committed by the defendant several hours following the murder for which he was presently being tried and which was committed in another city. The second murder was obviously not a part of the "conduct surrounding the capital felony for which the defendant is being sentenced." In the present case, the attempted murders referred to by the trial judge in his findings of fact were committed within seconds of the murder for which appellant was being sentenced. Both crimes were part of the conduct surrounding the capital felony. All three crimes resulted from appellant's raging gun battle. This is precisely the kind of conduct to which the statute refers.
Appellant also attacks the trial court's finding as to the heinous and atrocious nature of the crime. In State v. Dixon, 283 So.2d 1 (Fla. 1973) we defined "especially heinous, atrocious or cruel" as follows:
It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and, that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim. [At 9.]
We find that the record in this case supports the finding of the trial judge. The evidence shows (at least by one witness's version) that appellant shot the victim, pursued her into the house, struggled with her, hit her, dragged her from the house, and finally shot her to death while she begged for her life. However, the finding that the attempted murders of the victim's companions were heinous and atrocious is a non-statutory aggravating factor and should not have been considered. Under Elledge v. State, we must remand for resentencing:
... regardless of the existence of other authorized aggravating factors we must guard against any unauthorized aggravating factor going into the equation which might tip the scales of the weighing process in favor of death. [At 1003.]
Appellant next argues that the evidence supports the existence of at least two mitigating circumstances which the trial court failed to take into consideration. During the sentencing hearing, defense counsel produced a psychiatrist who testified that appellant knew right from wrong, but suffered from a sociopathic personality resulting in defective judgment. Other witnesses testified to appellant's abnormal appearance and behavior on the evening of the shooting. Appellant contends that this testimony proves that he was under extreme mental or emotional disturbance at the time of the commission of the offense (section 921.141(6)(b)) and could not appreciate the criminality of his conduct. (Section 921.141(6)(f)). In response, the state argues that it lies within the province of the trier of fact to weigh the evidence presented. We agree. The jury and the *1154 judge heard the testimony, and apparently concluded that the testimony should be given little or no weight in their decisions. We find nothing in the record which compels a different result.
We have considered and rejected the appellant's contentions that section 921.141, Florida Statutes violates Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Accordingly, the conviction is affirmed and the cause remanded for resentencing without benefit of a new sentence recommendation by a jury.
It is so ordered.
ENGLAND, C.J., and BOYD, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., concurs in part and dissents in part, "I concur as to guilt, dissent as to sentence."
OVERTON, J., concurs in part and dissents in part, "I concur as to conviction, dissent as to sentence."
SUNDBERG, J., dissents with an opinion.
SUNDBERG, Justice, dissenting.
I respectfully dissent from the majority's holding that appellant failed to preserve for appellate review the violation of Florida Rule of Criminal Procedure 3.220. While the majority concedes that the rebuttal witness was within the purview of the rule and that it is obligatory for the trial court under the rule of Richardson v. State, 246 So.2d 771 (Fla. 1971), to make an inquiry to determine whether noncompliance with the discovery rule would result in harm or prejudice to the defendant; nonetheless, it is held that the trial court's action in permitting the witness to testify without making the inquiry as to prejudice is not grounds for reversal because appellant's counsel failed to make a formal objection.
It is clear to me from the colloquy recited in the majority opinion that the trial judge ruled that rebuttal witnesses are not within the purview of Rule 3.220 and, accordingly, their names need not be furnished by the State. This ruling anticipated, and made unnecessary, the incantation of the formal words "I object." Defense counsel's response of "[v]ery well, your Honor" was simply an acknowledgment of the court's ruling upon counsel's anticipated objection. There was nothing further for counsel to do. Counsel is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless. Bailey v. State, 224 So.2d 296 (Fla. 1969); Brown v. State, 206 So.2d 377 (Fla. 1968). To refuse, as the majority does, to recognize and act upon clear judicial error on this record is to elevate form over substance. Such a result should not obtain in a capital case.
Accordingly, I would vacate the sentence of death, reverse the judgment of guilt, and remand for a new trial.
NOTES
[*] In response to a Gardner order, Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the trial judge has informed this court that all information considered by him for sentencing was made known to the defendant.