394 So.2d 1096 (1981)
Joel Robert WITMER, Appellant,
v.
STATE of Florida, Appellee.
No. VV-320.
District Court of Appeal of Florida, First District.
March 10, 1981.
*1097 Stephen L. Gorman, of Gorman & Matthew, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
LILES, WOODIE A. (Retired), Associate Judge.
This is an appeal from a conviction for extortion. We reverse because the trial court erred by allowing the State to call a rebuttal witness, who was not listed in discovery pursuant to Florida Rule of Criminal Procedure 3.220, without conducting an appropriate inquiry into the circumstances surrounding the State's noncompliance. The record clearly reveals that the State failed to list its rebuttal witness. It also reveals that Appellant's attorney had been furnished police reports by the State some time before the trial. These reports show that the rebuttal witness and several other persons filed complaints alleging that the Appellant had made prior similar threats against these parties. The record also reveals that the prosecutor did not anticipate calling the rebuttal witness and, in fact, told Appellant's attorney that he was not going to call her or any of the other complainants. It was only after the Appellant took the stand on his own behalf and testified that he made no threats to others that the State made an attempt to locate and call this particular rebuttal witness. Appellant's attorney timely objected to the State's calling of this witness on the grounds that the prosecution had represented it would not call this witness and that he, the defense counsel, had not had the opportunity to depose this witness. The State contended that the name of the rebuttal witness did not have to be listed in response to the Appellant's demand for discovery. Adopting the State's contention, the trial court overruled the Appellant's timely objection, denied his motion for mistrial, and permitted the witness to testify.
Contrary to the contention of the State, rebuttal witnesses, the necessity for whom the State can reasonably anticipate, are included within the ambit of Florida Rule of Criminal Procedure 3.220. See, e.g., Lucas v. State, 376 So.2d 1149 (Fla. 1979); Hardison v. State, 341 So.2d 270 (Fla. 2nd DCA 1977); Rowan v. State, 252 So.2d 851 (Fla. 3rd DCA 1971). While the failure to list a rebuttal witness does not automatically prohibit the use of the witness, it is obligatory for the trial court to make an inquiry to determine whether noncompliance with this rule would result in harm or prejudice to the defendant. Lucas, at 1151; Richardson v. State, 246 So.2d 771 (Fla. 1971). However, the trial judge erroneously based his denial of the Appellant's objection and motion for mistrial on the fact that rebuttal witnesses are not covered by this rule. When the trial judge so labors under a misapprehension of law, it is difficult to conclude that a sufficient Richardson inquiry has been made, much less that nonprejudice to the Appellant has been shown. It is "... essential that the circumstances establishing the nonprejudice to the defendant affirmatively appear in the record." Richardson, at 775. [Emphasis supplied] Further, we think that prima facie prejudice has been demonstrated, for how could the defendant in an extortion case be more prejudiced than by the prosecutor leading *1098 counsel to think that there would be no Williams[1] type evidence from a rebuttal witness and then calling that witness on the ground that the prosecutor was "surprised" by the defendant's denial of various similar threats? Perhaps a recess and deposition was necessary. Perhaps a brief interview would have sufficed. We, however, cannot speculate as to what degree of inquiry was appropriate for this case and thus feel compelled to remand for a new trial.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I dissent. I would affirm the conviction.
While Fla.R.Crim.P. 3.220 does require that the name of a rebuttal witness be furnished in discovery, the failure to list a rebuttal witness is not error if the trial court makes an adequate inquiry and determines that such failure does not result in harm or prejudice to the defendant. Lucas v. State, 376 So.2d 1149 (Fla. 1979). An adequate inquiry was made herein to determine whether the defendant would be harmed or prejudiced by permitting the witness to testify, and this inquiry affirmatively showed that the defendant would not be harmed. There are approximately nine pages of the record relating to the question of whether the rebuttal witness should be permitted to testify. The record reveals that the defendant's attorney had been furnished copies of police reports by the State quite some time before trial. These reports showed that the rebuttal witness, along with several other persons, had filed complaints alleging that the defendant had made prior similar threats to those parties. The defendant's attorney knew the names of these people and knew that they could testify as to prior similar acts. The rebuttal witness only testified as to a prior similar act and the substance of this testimony had been known by defendant's attorney for some time. The majority contends that it was extremely prejudicial to permit the rebuttal witness to testify under these circumstances and that perhaps a recess and a deposition were necessary but in any event the brief interview of the witness was required. However, the court could have granted a month long continuance and permitted any number of depositions and the defendant would have been no better off, nor his attorney any better prepared to defend against the charge than he was at the time the witness was permitted to testify. The defendant's attorney already knew what the witness could testify to in this appeal and has not argued that he was in any way surprised by her testimony.
Admittedly the trial judge permitted the witness to testify on an erroneous statement of law but if he reached the correct decision to let the witness testify for the wrong reason his decision should be affirmed. Stuart v. State, 360 So.2d 406 (Fla. 1978); Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977).
Richardson merely requires that circumstances establishing non-prejudice to the defendant affirmatively appear in the record. It is not necessary that the trial judge use the magic words that he will now conduct a Richardson inquiry before permitting a witness to testify. It is only necessary that the record reveal affirmatively that there is no prejudice to the defendant. The record in this case affirmatively reveals that neither depositions nor any other actions by defendant's attorney could have enabled him to be better prepared and that the failure to formally list the rebuttal witness' name in no way prejudiced the defendant in the preparation of his defense.
The state had told the defendant's attorney that it did not plan on using the witnesses as to prior threats and the state did not anticipate the necessity for them at trial. When the defendant took the stand and testified that he had made no other threats, the state was able to find one witness to rebut this testimony. Only if the *1099 defendant took the stand and testified that he made no other threats thinking that he could do so without fear of contradiction would there be any prejudice to the defendant in letting the witness testify. This prejudice, however, would not be a result of failure to comply with Richardson, but would be a result of an attempt by the defendant to take advantage of the state's representation that the witnesses would not be called.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959).