398 So.2d 998 (1981)
Steven William GOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-555.
District Court of Appeal of Florida, Fifth District.
May 20, 1981.
*999 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was charged with and convicted of first degree murder, felony murder, sexual battery and kidnapping of the deceased female. He appeals, contending that the court erred in sustaining the kidnapping conviction and in refusing to grant a continuance when an out of state expert medical witness declined to appear and testify on his behalf.
Appellant fails to demonstrate an abuse of the court's discretion in denying the continuance. Andrews v. State, 134 Fla. 450, 184 So. 88 (1938); Holman v. State, 347 So.2d 832 (Fla.3d DCA 1977), cert. denied 354 So.2d 981 (1978). Thus there is no error shown as to that issue.
We agree with appellant that there is insufficient evidence to sustain the kidnapping conviction, so the conviction on Count 5 of the information, kidnapping, is reversed and the sentence on that count is set aside.
Sua sponte, we find fundamental error in the conviction for the felony murder count, which issue we address notwithstanding appellant's failure to raise it either in the trial court or on appeal.[1]
Appellant's conviction on the felony murder count arose out of the finding of the underlying felony of sexual battery. A defendant cannot be convicted of both felony murder and the underlying felony which serves as the basis for the felony murder count. State v. Pinder, 375 So.2d 836 (Fla. 1979). Additionally, since there was only one homicide here, there could only be one murder conviction, so appellant could not be convicted of both premeditated murder and felony murder. Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981).
We therefore affirm the convictions and sentences for premeditated murder and sexual battery, and reverse the convictions and vacate the sentences on the kidnapping and felony murder counts.
AFFIRMED in part, REVERSED in part.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981).