COBB, Chief Judge,
dissenting.
The issue on this appeal is whether or not the trial court committed reversible error by the admission into evidence of a photograph, as a state exhibit on rebuttal, when the state had failed to produce the photograph in pretrial discovery, in violation of Florida Rule of Criminal Procedure 3.220(a). As I read this record, no genuine inquiry was conducted pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), and there was a timely objection (although interrupted by the prosecutor and the trial judge) by the defense. See Lucas v. State, 376 So.2d 1149 (Fla.1979).
It is not necessary, in the absence of a Richardson inquiry and the presence of a timely objection, to consider the extent of the prejudice resulting from a discovery violation by the state. Cumbie v. State, 345 So.2d 1061 (Fla.1977). But even if we were to consider that some semblance of a Richardson hearing was held in this case, and that the violation was inadvertent (apparently it was), it is beyond reasonable dispute that the photograph at issue was devastating to the theory of the defense expert relating to a claimed brake failure by the defendant, the crux of the defense. The expert opinion testimony would have been radically altered by timely access to the photograph. Accordingly, I would reverse for a new trial.