PER CURIAM.
Orlando Pisegna appeals from a judgment finding him guilty of conspiracy to traffic in cocaine. We reverse.
This case involves an alleged drug sale which was consummated on May 7, 1985, after several days of negotiations. The sale took place at a codefendant’s residence in Broward County. After the alleged sale took place, police surveillance units arrested all those present at the scene of the sale, including the appellant.
The state filed a three-count information charging Pisegna with: (I) trafficking in cocaine, (II) conspiracy to traffic in cocaine and (III) possession of a controlled substance, to-wit: cocaine. The judge granted the appellant’s motion for judgment of acquittal as to the trafficking count (Count I). The jury subsequently found the appellant guilty only of Count II, conspiracy to traffic in cocaine. The judge entered a judgment of guilty and sentenced the appellant to fifteen years in prison.
The trial court correctly denied the defendant’s motion for judgment of acquittal on the conspiracy count because of the defendant’s post-arrest statements. However, the trial judge committed reversible error when he admitted into evidence the testimony of Ron Hood, the state’s undisclosed rebuttal witness, without holding a hearing regarding the prosecutor’s failure to include Hood’s name on the requested witness list. A trial court must conduct a Richardson hearing where the state proffers a rebuttal witness whose name the prosecutor failed to insert on the witness list requested by the defendant in discovery. Fulmore v. State, 483 So.2d 765 (Fla. 4th DCA 1986). See generally Richardson v. State, 246 So.2d 771 (Fla.1971). This requirement extends to rebuttal witnesses which the state’s attorney should “reasonably anticipate” that he will need to call. Lucas v. State, 376 So.2d 1149, 1151 (Fla.1979), appeal after remand, 417 So.2d 250 (Fla.1982); Witmer v. State, 394 So.2d 1096 (Fla. 1st DCA 1981).
In the present case, the prosecutor could reasonably have anticipated that Hood might reasonably be called as a witness because Hood was involved in the police surveillance of the eodefendant’s house, and because he was involved in earlier surveillance of the appellant at a restaurant.
We also note that the trial court erred by instructing the jury on “principals” despite the fact that the court had granted the defendant’s motion for judgment of acquittal on the substantive count of trafficking in cocaine. But see Chestnut v. State, 452 So.2d 1125 (Fla. 3d DCA 1984).
REVERSED.
DOWNEY, ANSTEAD and GUNTHER, JJ., concur.