STONE, Judge.
The defendant was convicted of possession of cocaine found in her purse during a search conducted pursuant to a warrant.
The defense introduced testimony of the defendant’s good character. The state presented rebuttal evidence through police officer witnesses who were not included on the state’s witness list. Defendant contends that the court erred in permitting the rebuttal testimony.
The state does not dispute that it should have anticipated presenting this testimony, and that if a proper objection was raised the court would be required to conduct an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). See Stewart v. State, 420 So.2d 862 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). However, the state contends that the defense failed to object on the ground that there had been a discovery violation, citing Lucas v. State, 376 So.2d 1149 (Fla.1979). In Lucas, the trial judge had erroneously determined that rebuttal witnesses did not have to be listed, and defense counsel had responded, “Very well, your Honor”. Lucas at 1152. The supreme court refused to reverse, as instead of objecting, defense counsel deferred to the judge’s opinion about the applicable law.
*397 Here, following a proffer of the testimony of one of the witnesses, the following dialogue occurred concerning the testimony of two unlisted witnesses, Cohron and Bailey, before and following an overnight recess:
MR. PETERSEN [defendant’s attorney]:
. .by the way Ron Cohron has not been listed as a witness and I haven’t had a chance to depose him other than what I’ve just done ... yesterday afternoon Officer Ron Cohron was going to take the stand and evidently testify to reputation testimony. And I’ve done some investigation and some research since then. I’m prepared for Ron Cohron’s testimony should it be required by the court after the legal argument. Ron Cohron however was not. .his name was not given to me by the state and if Ron Cohron does testify I want to talk to him before he gets on the stand. I think that’s.. that’s only fair. I believe.
MRS. PARK [assistant state attorney]: Your Honor he’s already voir dired him yesterday.
MR. PETERSEN: I haven’t gotten to talk to him, I haven’t gotten to talk to him ... and I understand a fellow by the name of Cody ...
THE COURT: Mr. Cody Bailey ...
MR. PETERSEN: I don’t know Cody, I’ve never seen him before, his name was not disclosed on the witness list. Evidently Mrs. Park is going to be introducing him as reputation testimony. He will not talk to me, he refuses to talk to me. He says that I should get him on the stand and ask him every question that I need to ask him. And I think that’s unfair and I think it’s violative of discovery that his name was not given to me by the prosecution. And I think he should be barred from giving any reputation testimony ... Your Honor I have not had a chance to talk to any rebuttal witnesses. They’ve not been disclosed by the state. I need a chance.. I should be able to put them on record and be able to investigate what they’re talking about.
THE COURT: Well we’re not. .you know, .they’re rebuttal witnesses and the court rules that they don’t have to divulge rebuttal witnesses. I mean they’re here for impeachment only. I’m gonna’ allow the officer to testify and whoever else she has ... (emphasis added).
The state argues that this exchange was insufficient to apprise the court that defendant was objecting on discovery grounds, and was therefore insufficient to preserve the issue for appeal.
However, we conclude that the statements of defense counsel sufficiently addressed the discovery objection. The trial judge was sufficiently on notice of the basis of the defense position to require that a Richardson hearing be conducted. The court needed to determine whether the defendant was prejudiced by the state’s failure to list its rebuttal witnesses, and whether such conduct was willful. Richardson. Failure to conduct such a hearing under these circumstances requires reversal. See Richardson; Pisegna v. State, 488 So.2d 624 (Fla. 4th DCA 1986); Raffone v. State, 483 So.2d 761 (Fla. 4th DCA), dismissed, 491 So.2d 281 (Fla.1986); Donahue v. State, 464 So.2d 609 (Fla. 4th DCA 1985); Fasenmyer v. State, 383 So.2d 706 (Fla. 1st DCA), rev. denied, 389 So.2d 1109 (Fla.1980).
Appellant also contends that the search warrant was facially invalid. It stated in part that “presently contained in the above described residence and curtilage is controlled substances to-wit: Cocaine and other evidence relevant to proving violation of Florida Statute 893. or other evidence relevant to proving a felony”. The affidavit in support of the warrant stated a basis for belief that cocaine was sold out of the premises.
A search warrant must particularly describe the property to be seized. Carlton v. State, 449 So.2d 250 (Fla.1984). In Carlton, the supreme court affirmed an order denying a motion to suppress evidence seized under a warrant. The warrant authorized seizure of “all controlled substances and other matters of [sic] things pertaining or relating to said possessions and sale of controlled substance viola *398 tions of chapter 893 ...” Id. at 250. The court held that the warrant sufficiently described the property authorized to be seized. In this case, the warrant was even more specific in naming cocaine as the controlled substance. Reading the warrant as a whole, the phrase “other evidence relevant to proving a felony” clearly referred to the term “controlled substances”. Carlton; Kinker v. State, 458 So.2d 392 (Fla. 5th DCA 1984). The warrant in this case was not so broad as to constitute a general warrant, as found in State v. Maycan, 458 So.2d 63 (Fla. 4th DCA 1984), rev. denied, 464 So.2d 556 (Fla.1985). We also note that the trial judge in this case did suppress a gun seized in the course of the search, and only allowed into evidence the controlled substance.
There is no need to discuss the other issues raised, which are now moot. However, we note for the benefit of counsel that the reopening of a case for additional testimony in Florida is discretionary. Stewart v. State, 420 So.2d 862 (Fla.1982). Further, if on retrial character is again placed in issue, the evidence may only be offered or rebutted pursuant to the evidence code. See §§ 90.404 — 90.405, Fla. Stat. (1985).
We reverse and remand for a new trial.
LETTS and DELL, JJ., concur.