Mr. David La Croix Brooksville City Attorney 123 North Main Street Brooksville, Florida 34601
Dear Mr. La Croix:
On behalf of the Brooksville City Council, you ask the following question:
May a member of the city council simultaneously serve as a member of the local board of the United States Selective Service System without violating Article II, section 5(a), Florida Constitution?
According to your letter, a member of the city council has applied for appointment as a Selective Service System local board member. A question has been raised as to whether such appointment would violate the provisions of Article II, section 5(a), Florida Constitution, Florida's dual office-holding prohibition.
The first clause of Article II, section 5(a), Florida Constitution, provides:
"No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. . . ."
This office stated that the bifurcation in Article II, section5(a), Florida Constitution, of the dual office-holding prohibition into interstate and intrastate segments does not mean that the interstate segment applies only to state officers, but also includes local government officers.[1] Thus, this office concluded that the first clause of Article II, section 5(a) prohibited a county commissioner from simultaneously holding office as a member of the Board of Governors of the United States Postal Service.[2]
Article II, section 5(a), Florida Constitution, refers to a state office of honor or of emolument; the constitutional provision, however, includes only an office of emolument when referring to an office of the United States. The term "emolument" generally refers to "[t]he profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees, and perquisites[.]"[3]
This office has been advised that members of the local selective service system boards do not receive a salary for serving on the board.[4] Thus, membership on such a board would not appear to constitute an office of emolument. For example, in Grant v.State,[5] the court rejected claims of a dual office-holding violation where a state prosecutor had been appointed as a special assistant United States Attorney for one case arising out of a local criminal investigation when it appeared that he received no remuneration for serving in that position.
Accordingly, I am of the opinion that a member of the city council may simultaneously serve as a member of the local board of the United States Selective Service System, which receives no compensation, without violating Article II, section 5(a), Florida Constitution.
Sincerely,
Charlie Crist Attorney General
[1] Informal opinion to Senator Lawton M. Chiles, dated January 16, 1986.
[2] And see 1951-1952 Biennial Report of the Attorney General 61, Op. Att'y Gen. Fla. 51-468 (1951) (justice of the peace cannot hold office of United States Commissioner).
[3] Black's Law Dictionary Emolument p. 616 (4th rev. ed. 1968). And see, Webster's Third New International DictionaryEmolument p. 742 (unabridged ed. 1981) ("profit or perquisites from office, employment, or labor: FEES, SALARY . . . also: COMPENSATION").
[4] See SSS Board Member Application, Personnel Policies and Procedures Manual — Chapter 520, stating that the selective service system is seeking applicants to serve as uncompensated members of the SSS boards; and s. F of the application providing that board members receive no pay for serving on the board although they are reimbursed for authorized travel expenses incurred while conducting their selective service duties.
[5] 474 So.2d 259 (Fla. 1st DCA 1985), review denied,484 So.2d 8 (Fla. 1986).