PACK, R. WALLACE, Associate Judge.
In this appeal, we are asked to review the trial court’s decision to allow the state to present rebuttal testimony from two witnesses who were not listed as state witnesses, without first conducting a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). Upon reviewing the record, we reverse.
Appellant was charged with scheming to defraud and unlawful solicitation of contributions, in violations of sections 817.035(2) and 496.11(2), Florida Statutes (1985), respectively. At the end of appellant’s bench trial held on July 16, 1986, the state and appellant rested their respective cases and the state announced that it had no rebuttal. The trial court scheduled final arguments for July 31, 1986.
When trial reconvened on July 31, 1986, the state requested permission to reopen its case to call two rebuttal witnesses. The assistant state attorney argued that she had contacted the two rebuttal witnesses on Friday, July 17, the day after trial had recessed, and spoken to them “at great length” the following Monday. She subpoenaed the witnesses on July 28, but did not notify appellant’s counsel until the morning of July 31, the day trial was to reconvene. The assistant state attorney admitted that the two witnesses were not listed on discovery because she was not aware of them until appellant testified. Over appellant’s objection, the trial court allowed the state to present the testimony of the rebuttal witnesses. The trial court permitted appellant’s counsel to interview the witnesses in the approximately forty-five minute break before trial reconvened.
Thereafter, the trial court found appellant guilty as charged and sentenced him within the guidelines. This timely appeal followed.
Once it has been brought to the trial court’s attention that the state has committed a discovery violation, Richardson requires the trial court to make an “adequate inquiry into all of the surrounding circumstances.” Id. at 775 (quoting Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970). Such an inquiry, which has come to be known as a Richardson hearing, should “cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.” Id. (Emphasis added.)
Here, the trial court inquired only as to when appellant’s counsel was informed of the rebuttal witnesses and whether those witnesses were listed in the state’s discovery. We conclude that this hearing fell short of the purpose of a Richardson hearing, which is to determine what prejudice, if any, a defendant suffered in preparing for trial because of the state’s discovery violations.
We find no merit to the state’s contention that appellant somehow waived this issue by failing to renew his objection to this testimony after his counsel had the opportunity to interview the witnesses forty-five minutes prior to trial reconvening.
Accordingly, we reverse appellant’s judgments and sentences and remand for a new trial.
RYDER, A.C.J., and HALL, J., concur.