589 So.2d 918 (1991)
Anthony TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1035.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
Motion for Rehearing and/or Clarification Stricken December 24, 1991.
*919 Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.

ON PETITION FOR REHEARING
PER CURIAM.
By petition for rehearing, the state points out several oversights in our opinion published July 24, 1991. Accordingly, said opinion is vacated and the following opinion is issued in its place:
Anthony Taylor appeals from a conviction of robbery with a firearm and sentence of forty years' imprisonment with credit for time served.
Of the four appellate points presented only two require comment. The first has to do with appellant's contention that error was committed by the trial court in failing to hold a Richardson[1] hearing. We hold that this issue was not properly preserved. The question arose just prior to voir dire examination when the prosecutor advised the defendant that he might call a certain detective who had not been named as a possible witness in this case. He had been named in a companion case tried just previously. The defendant objected, but the court advised him that he was simply being put on notice that the prosecutor might call this witness. The court stated further that they would take it up later if the witness was offered. The defendant then asked for, and was denied, a continuance in order to take the witness's deposition. In response, the prosecutor stated that he would make the witness available if he intended to use him. Later, the following day, when the witness was offered by the state, no objection was made by defense counsel, nor was there any request for a Richardson hearing, because he had apparently talked to the witness. While there is no record proof that defense counsel spoke to the witness, a Richardson hearing was, nevertheless, clearly waived because counsel never requested one when the matter was first raised, nor did he object later or request such a hearing when the witness was, in fact, offered.
In a somewhat similar situation the Florida Supreme Court stated in Lucas v. State, 376 So.2d 1149, 1151-1152 (Fla. 1979):
It is clear from the record in this case that the state failed to comply with Rule 3.220. It is also clear that the trial judge allowed the undisclosed witness to testify without a Richardson inquiry into the surrounding circumstances of the state's non-compliance. On these points, appellant's argument is well taken. However, one essential ingredient is missing. Since the state's non-compliance with Rule 3.220 does not require automatic reversal, it was incumbent upon the appellant to raise a timely objection and thereby allow the trial court to specifically rule on the issue. The record shows that while defense counsel brought the state's non-compliance to the attention of the court, he did not interpose an objection; but rather, he deferred to the trial court's statement of the applicable law. This court will not indulge in the presumption that the trial judge would have made an erroneous ruling had an objection been made and authorities cited contrary to his understanding of the law. Under the circumstances, the trial judge *920 was not required to make further inquiry.
The second point we address has to do with the imposition of enhanced penalties based upon the habitual offender statute, section 775.084(4)(a), Florida Statutes (1989). Since appellant was convicted of a first-degree felony punishable by a term of years not exceeding life, rather than a life felony, the trial court was authorized to resort to the habitual offender statute for enhancement under section 775.084(4)(a),[2] but this would have required imposition of a life sentence, whereas, in the instant case, the court found that a forty-year sentence was appropriate. In Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990), the court stated:
While it is true that a sentence imposed under section 775.084 is not subject to the sentencing guidelines, ... it is our view that only a sentence imposed in accordance with section 775.084(4)(a) or (b) is exempt from the guidelines. The court may not, as it did in this case, adjudicate an offender to be an habitual violent felon and in the case of a felony of the first degree, sentence the felon to a term of years rather than to a life sentence with a minimum mandatory of fifteen years, required by section 775.084(4)(b)1. The felon must be sentenced under section 775.084 or pursuant to the sentencing guidelines, but the trial court may not, as it did here, sentence the felon to a departure guidelines sentence without written reasons on the grounds that the defendant is an habitual violent felony offender.
As in Donald, the trial court in this case has already expressed the view that a life sentence is not appropriate. Thus, we find that appellant may not be sentenced in accordance with section 775.084, and the trial court must impose a sentence in accordance with the provisions of the sentencing guidelines. Upon remand, the trial court may depart from the recommended guidelines sentence if valid written reasons are provided. Id. at 795. We also note that, in calculating appellant's scoresheet, it appears that he was incorrectly given 63 points, instead of 30, for a prior second-degree felony conviction.
Accordingly, we affirm the judgment of conviction, but reverse the sentence and remand the cause for appropriate resentencing.
DOWNEY, GUNTHER and FARMER, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] Newton v. State, 581 So.2d 212 (Fla. 4th DCA 1991).