PER CURIAM.
AFFIRMED. Although we agree with appellant that the trial court was in error in stating that a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971) was only required after a jury had been sworn and evidence received, we do not believe reversible error has been demonstrated on the record.
During a discussion between counsel and the court just prior to the commencement of trial, the state presented a supplemental witness list. The list is not in the record and we do not know the identity of such witnesses. Appellant’s counsel indicated that he would object to such witnesses unless he had the opportunity to depose them. The state agreed. There is also a brief discussion as to other remedies available to the defense, including a Richardson hearing. It is during this discussion that the judge made the erroneous observation referred to above. Rule 3.220(n)(l) of the Florida Rules of Criminal Procedure provides that if, at anytime during the course of a criminal proceeding, it appears that a discovery violation has taken place, the court should conduct an inquiry and consider appropriate sanctions. However, here no actual request for a hearing was made and no further objection to any witnesses being called appears in the record. Under these circumstances, we do not believe the trial court’s comments, in error though they were, constitute a basis for reversal. Cf. Taylor v. State, 589 So.2d 918 (Fla. 4th DCA 1991).
We also reject appellant’s claim that his sentence was the result of the court’s vindictiveness because the appellant rejected a more lenient plea offer prior to trial. There is no evidence of vindictiveness and the sentence was virtually identical to the sentence imposed on appellant after his first trial. In addition, the record contains explicit admonitions to and acknowledgments by the appellant that he understood he was facing an even more severe sentence should he reject the plea offer and subsequently be found guilty.
ANSTEAD and GUNTHER, JJ., and MAGER, GERALD, Senior Judge, concur.