627 So.2d 24 (1993)
David J. RATH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1963.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
Rehearing Denied November 30, 1993.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant, David Rath appeals his conviction of DUI manslaughter and vehicular homicide. Appellant contends that the trial court erred in admitting testimony of two expert witnesses relating to retrograde extrapolation without first conducting a Richardson inquiry. We agree.
Appellant was involved in an automobile accident with Mr. Lunsford. Appellant's jeep went over the four-inch median strip and collided head on with Lunsford's Buick. Lunsford died immediately as a result of the accident.
An autopsy revealed that Lunsford died of blunt trauma to the chest which caused multiple internal injuries. No alcohol or other drugs were found in Lunsford's blood.
About one hour after the accident blood was taken from appellant for medical reasons and revealed a .08 Blood Alcohol Content (BAC). Three hours after the accident, blood was withdrawn from appellant to determine if he was legally intoxicated. The test revealed a .03 BAC. The state stipulated that this evidence was insufficient to establish an unlawful BAC at the time of the accident.
Over appellant's objection the state offered two expert witnesses who gave opinions based upon the theory of "retrograde extrapolation," a theory used by experts to predict a person's BAC at a point in time earlier than when the blood was originally taken and used to determine that person's BAC. Appellant objected to this testimony because the state did not furnish appellant with the *25 names of which witnesses would testify or information pertaining to their testimony.
The names of the doctors who testified on the subject of retrograde extrapolation were provided to appellant but the reports and deposition that were provided to him dealt with the autopsy and made no mention of retrograde extrapolation. Approximately thirty days before trial appellant sought discovery as to any expert witness regarding retrograde extrapolation. The state answered that it was possible that they would decide to call such an expert, but at that time they were not planning to call one. Appellant notified the court that he would need time to prepare if the state later decided that they would present such testimony.
When the court is given notice of an alleged failure to disclose witnesses, the trial court has a duty to conduct a Richardson inquiry as to the nature of the violation to determine whether the violation was willful or inadvertent and whether there was undue prejudice to the accused. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971); Webber v. State, 510 So.2d 1210, 1211 (Fla. 2d DCA 1987). Because appellant was not provided with the information required under Florida Rule of Criminal Procedure 3.220(b)(1)(J), the state violated a discovery rule which was properly objected to at trial by appellant requiring the trial court to conduct a Richardson inquiry.
The state contends that because Rath did not specifically request a Richardson inquiry, he waived this right. Taylor v. State, 589 So.2d 918, 919 (Fla. 4th DCA 1991). Taylor can be distinguished from the present case. The defendant in Taylor did not object when an unlisted witness was offered by the state, but appellant, in the present case, did object to the evidence. Once the trial court is put on notice of a discovery violation the trial court is obligated to conduct a Richardson inquiry to determine the prejudicial effect, if any, of the violation. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971); Thompson v. State, 615 So.2d 737, 745 (Fla. 1st DCA 1993). Finally, it is obvious that this testimony was highly persuasive of the state's contentions and appellant should have been given an opportunity to rebut or diminish the impact of the testimony, if he can. As to the dual convictions, see State v. Chapman, 625 So.2d 838 (Fla. 1993).
REVERSED; REMANDED for new trial.
COBB and THOMPSON, JJ., concur.