640 So.2d 106 (1994)
Norman BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1468.
District Court of Appeal of Florida, Fourth District.
July 20, 1994.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
The defendant appeals his conviction for possession of cocaine. We reverse because the trial court erred in failing to conduct a Richardson hearing into the state's discovery violation. Richardson v. State, 246 So.2d 771 (Fla. 1971).
In opening statement, defense counsel told the jury that the evidence would show that *107 neither the vehicle the defendant was driving, nor the cocaine found in the vehicle, belonged to the defendant. The pertinent comment by defense counsel was "[t]he officer, and the evidence will show, ask Norman where did [the cocaine] come from. Norman says I have no idea. I don't own the car. It wasn't my car."
After opening statement, the prosecutor advised the court she intended to introduce a "statement" made by the defendant to a police officer that the car was his. Defense counsel objected advising the court "that's never come out in the discovery in the case." The trial court overruled the objection.
The state now argues this was not a discovery violation; the defendant failed to object on the basis of a Richardson violation; and any error was harmless. Based on case law and the particular facts of this case, we reject all of the state's arguments.
The state first challenges whether there was a discovery violation. Clearly, the state has an obligation as part of mandatory pretrial discovery to produce "the substance of any oral statements made by the accused" pursuant to rule 3.220(b)(1)(C), Florida Rules of Criminal Procedure. Equally clear, the state failed to provide the defendant with the substance of any oral statements made by him. Apparently the state affirmatively advised the defendant there were no statements. A discovery violation therefore occurred which necessitated a Richardson hearing. Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Dunn v. State, 640 So.2d 201 (Fla. 4th DCA 1994); Price v. State, 627 So.2d 64 (Fla. 5th DCA 1993). The fact that the police officer was deposed does not change our opinion that a discovery violation occurred, especially in light of the police officer's sworn deposition testimony that he could not remember any statements made by the defendant.
The state next claims that the defendant failed to make a proper objection to the trial court's failure to conduct a Richardson hearing. Although a defendant must timely object to the use of the undiscovered evidence so that it is brought to the attention of the trial court, no magic words exist to trigger the requirement that the trial court conduct a Richardson hearing. Richardson; Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970); Williams v. State, 513 So.2d 684 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 578 (Fla. 1988); Miller v. State, 403 So.2d 619 (Fla. 5th DCA 1981). Waiver occurs only if the defendant fails to object to the discovery violation. See, e.g., Lucas v. State, 376 So.2d 1149 (Fla. 1979); Taylor v. State, 589 So.2d 918, 919 (Fla. 4th DCA 1991). Once put on notice of a violation, the trial court has an affirmative obligation to conduct a hearing without the defendant specifically requesting a hearing. See Richardson; Rath v. State, 627 So.2d 24 (Fla. 5th DCA 1993); Thompson v. State, 615 So.2d 737 (Fla. 1st DCA 1993); In the Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989).
Here, the defendant objected on the basis that the state did not disclose the statement in discovery. The objection was adequate to put the court on notice of the necessity for a Richardson hearing. Richardson expressly holds that upon the failure of a party to make a disclosure under the discovery rules, the duty is upon the trial court to make an adequate inquiry into whether the violation was trivial or substantial, and what effect it had upon the other party's ability to properly prepare for trial. Failure of the trial court here to make full inquiry into all the circumstances surrounding a failure on the part of the state to comply with the rule requires reversal, without regard to the harmless error rule. Smith v. State, 500 So.2d 125 (Fla. 1986).
Despite supreme court authority requiring per se reversal, the state continues to assert harmless error in this case because the cocaine was in plain view and in close proximity to the defendant. In explaining the Richardson rationale for not applying the harmless error rule, the supreme court has repeatedly emphasized that "[a]n appellate court's examination of the record is not a substitute for `a trial judge's determined inquiry'... ." Cooper v. State, 377 So.2d 1153, 1155 (Fla. 1980), citing Cumbie, 345 So.2d at 1062 (Fla. 1977); Wilcox v. State, 367 So.2d 1020 (Fla. 1979). As pointed out in Smith, an inquiry conducted at the time the violation became known would have allowed the court to focus on what effect, if any, the violation *108 had upon the ability of the defendant to properly prepare for trial, which is one of the three Richardson factors:
[T]he question of "prejudice" in a discovery context is not dependent upon the potential impact of the undisclosed evidence on the fact finder but rather upon its impact on the defendant's ability to prepare for trial.
Smith, 500 So.2d at 126, citing Wilcox, 367 So.2d at 1023.
In any event, we do not agree with the state's argument that the violation was harmless. The defendant's case became less credible because his attorney had represented facts concerning ownership in opening statement which were subsequently contradicted by the police officer's testimony regarding the defendant's statements to him. Trial strategy would clearly have been affected if the defense had been timely advised of the substance of the defendant's statements as required by the discovery rules. See Sharif v. State, 589 So.2d 960 (Fla. 2d DCA 1991). Learning of the statements after making affirmative representations in his opening statement necessarily required the defense attorney to engage in "back stepping." The harm was already done.
Accordingly we reverse and remand for a new trial.
WARNER, J., and SMITH, FREDRICKA, Associate Judge, concur.