BLUE, Judge.
Norman Gene Collins timely appeals the circuit court’s orders denying his motion for postconvietion relief and an amended motion in which Collins presented a claim of improper sentences. Because the records attached to the order denying postconvietion relief do not refute the motion, we reverse and remand for further proceedings. Because consecutive habitual offender sentences were improperly imposed for offenses arising from a single criminal episode, we also reverse and remand for resentencing.
Following a jury trial, Collins was convicted of burglary, grand theft and possession of burglary tools, all third-degree felonies. All three counts occurred during one criminal episode. He was sentenced as a habitual offender to consecutive terms of ten years’ imprisonment on each charge.
In the motion for postconvietion relief, Collins alleged that his trial attorney failed to provide effective assistance of counsel regarding certain evidentiary matters. From the limited record before this court, it appears that these matters may have contributed to Collins’ convictions. The portions of the record attached to the order do not refute these claims. Thus, we reverse the order denying Collins’ original motion.
•[2] In the amendment to his motion, Collins argued that his three consecutive habitual offender sentences were impermissible under the rule announced in Hale v. State, 630 So.2d 521 (Fla.1993) (holding there is no statutory authority for consecutive habitual offender sentences for offenses committed during a single criminal episode). Although the written order appears to grant Collins’ motion, the new sentencing documents inexplicably reflect that the sentences are still consecutive. Additionally, the documents have erroneously been amended to add three concurrent ten-year minimum mandatory sentences.
Accordingly, we reverse the orders denying Collins’ motion for postconvietion relief and his amendment to that motion and remand to the trial court for further proceedings. As to his claims of ineffective assistance of counsel, unless the files and records conclusively show that Collins is entitled to no relief, the court on remand shall order the *902 state attorney to file an answer within a time certain. After receipt of the answer, the court shall determine whether an evidentiary hearing is required. If Collins’ motion for postconvietion relief is again denied, the trial court shall vacate the amended sentences and impose concurrent sentences in accordance with Hale.
THREADGILL, A.C.J., and FULMER, J., concur.