656 So.2d 595 (1995)
Calvin SEARS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2065.
District Court of Appeal of Florida, First District.
June 23, 1995.
Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Douglas Gurnic, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Appellant seeks review of his conviction for aggravated assault. We are compelled to reverse because the trial court erred in admitting evidence of oral statements made by appellant without first conducting a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971).
During discovery, the state filed a disclosure notice indicating the existence of oral statements made by appellant. The substance of the oral statements was not revealed. At trial, the victim, Calvin Hunt, testified that appellant pointed a sawed-off shotgun at him in a threatening manner and that, after appellant had been arrested and charged, he asked Hunt to drop the charges and told him "that they wasn't going to find the gun; and he was going to beat this rap anyway, like he do in all other cases."
Defense counsel interposed a general objection to this testimony, whereafter it was agreed by all that the objection would be argued outside the presence of the jury following the completion of Hunt's testimony. During recess, defense counsel pointed out to the court that this testimony was a violation of the discovery rule in that defense had no notice that appellant had made these statements to Hunt. Before any discussion was had or any ruling rendered on this point, codefense counsel stated that he wished to address the procedural impact of the statement as an impermissible comment on appellant's prior record. After hearing argument on this point, the trial court denied a motion for mistrial. No further argument was made, nor ruling entered, on the issue of the alleged discovery violation. The jury returned a verdict of guilty as charged.
*596 On appeal, the state argues that appellant failed to make a proper objection to the trial court's failure to conduct a Richardson hearing. We disagree. In Brown v. State, 640 So.2d 106 (Fla. 4th DCA 1994), the court stated "[a]lthough a defendant must timely object to the use of the undiscovered evidence so that it is brought to the attention of the trial court, no magic words exist to trigger the requirement that the trial court conduct a Richardson hearing." Id. at 107. The court stated further that a waiver occurs only if the defendant fails to object to the discovery violation and that, once put on notice of a violation, the trial court has an affirmative obligation to conduct a hearing without the defendant's specifically requesting one. Id. In Brown, a defense objection on the basis that the state did not disclose a statement in discovery was held to be adequate to place the court on notice of the necessity for a Richardson hearing. See also Rath v. State, 627 So.2d 24 (Fla. 5th DCA 1993) (once trial court is put on notice of a discovery violation it is obligated to conduct a Richardson hearing); In the Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989) (Richardson inquiry is required when it is brought to attention of the trial court that a discovery request has not been met). In the case at bar, we believe defense counsel's objection and notification to the trial judge that the statement had not been disclosed sufficiently triggered the requirement for a Richardson hearing.
Once the asserted discovery violation was brought to the court's attention, the trial judge was required to conduct an inquiry, rule on whether a violation occurred, and determine whether the evidence was admissible. See Lowery v. State, 610 So.2d 657 (Fla. 1st DCA 1992); D.R. v. State, 588 So.2d 327 (Fla. 4th DCA 1991). Appellant argues that the trial court's failure to conduct a Richardson hearing amounts to per se reversible error once the violation was brought to the court's attention. Until very recently, this would have been the appropriate disposition herein without further inquiry. However, the Florida Supreme Court, in State v. Schopp, 653 So.2d 1016 (Fla. 1995), has now receded from the long-standing rule of law that a trial court's failure to conduct an adequate Richardson inquiry is to be treated as per se reversible error, holding instead that where a reviewing court can say beyond a reasonable doubt that there exists no prejudice resulting from the underlying discovery violation, the failure to make an adequate inquiry is harmless error. Id. The supreme court enunciated the following test to determine whether a Richardson violation is harmless, i.e., whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense:
[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
Id. at 138. The court recognized that a finding of harmless error would most likely be the exception rather than the norm.
Applying the harmless error analysis outlined in Schopp to the instant facts, we cannot say beyond a reasonable doubt that no procedural prejudice resulted from the alleged failure of the state to divulge these self-incriminating statements uttered by the appellant to the victim. See Mason v. State, 654 So.2d 1225 (Fla. 2d DCA 1995). We therefore reverse and remand for a new trial.
REVERSED and REMANDED.
WEBSTER and VAN NORTWICK, JJ., concur.