PER CURIAM.
Paul Oppenheimer appeals the summary denial of his motion for postconviction relief. Five grounds of error raised are affirmed without discussion. Oppenheimer’s remaining allegation of ineffective assistance of counsel is facially sufficient.
A key witness for the prosecution was a “misdemeanor trustee” in the jail where Oppenheimer was housed prior to trial who testified at trial that Oppenheimer confessed to him that he had committed the crime. However, after leaving the courtroom, the witness allegedly boarded an elevator in the courthouse and declared to those around him that he had lied on the stand. Counsel informed the court of the incident the next morning before the jury was brought into the courtroom. The trial court stated, “You’ve got an obligation to do whatever you’ve got to do there.... It’s something you guys got to think about and look at.”
Oppenheimer argues that counsel was ineffective because he failed to depose the spectators and did not recall the witness to confront him concerning his confessed perjury. The trial court’s order denying the motion for postconviction relief accepted the state’s reasoning set forth in its response to the motion. The state indicated that the failure to call the spectators and the witness to testify was a tactical decision. However, when a court is confronted with a claim of ineffective assistance of counsel, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without a hearing. See Robinson v. State, 637 So.2d 998, 999 (Fla. 1st DCA 1994); Harley v. State, 594 So.2d 352 (Fla. 2d DCA 1992); Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990).
As the trial court has failed to conclusively refute that claim of ineffective assistance of counsel, an evidentiary hearing must be conducted as to this single issue. In all other respects the denial of the motion for postcon-viction relief is affirmed.
Affirmed in part, reversed in part, and remanded.
THREADGILL, C.J., and PARKER and QUINCE, JJ., concur.