PER CURIAM.
We review O’Rourke v. State, 645 So.2d 569 (Fla. 5th DCA1994), in which the district court of appeal certified the following question' as one of great public importance:
WHERE THE COURT’S INQUIRY INTO THE CIRCUMSTANCES OF A DEFENSE DISCOVERY VIOLATION FAILS TO ADDRESS THE EFFECT, IF ANY, THE VIOLATION HAS ON THE STATE’S ABILITY TO PREPARE FOR TRIAL, BUT A PROFFER IS MADE OF THE EVIDENCE EXCLUDED ON ACCOUNT OF THE VIOLATION, CAN THE PROFFER BE USED BY THE REVIEWING COURT TO DETERMINE THAT THE DEFICIENCY IN THE RICHARDSON HEARING CONDUCTED WAS HARMLESS ERROR?
Id. at 571. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Subsequent to the decision below, this Court held that a trial court’s failure to conduct adequate inquiry into an alleged discovery violation pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), would no longer constitute per se reversible error. State v. Schopp, 653 So.2d 1016 (Fla.1995). We reasoned that such a violation was subject to the application of a harmless error analysis. The district court of appeal employed this harmless error analysis in deciding the case, and we agree with its conclusion.
Therefore, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
OVERTON and HARDING, JJ., dissent.