662 So.2d 738 (1995)
C.D.B., a child, Appellant,
v.
STATE OF FLORIDA, APPELLEE.
No. 95-850.
District Court of Appeal of Florida, First District.
November 3, 1995.
*739 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Richard Parker, Assistant Attorney General, Tallahassee, for Appellee.
*740 BENTON, Judge.
C.D.B. was adjudicated delinquent for loitering or prowling, in violation of section 856.021, Florida Statutes (1993), and placed on community control for six months. On appeal, C.D.B. argues for reversal on grounds that the trial court erred in excluding the testimony of an unlisted defense witness without conducting a Richardson hearing. Unable to conclude that this omission was harmless beyond a reasonable doubt, we reverse and remand.
At the adjudicatory hearing, a police officer testified that at two o'clock on the morning of November 15, 1994, he heard an alarm at the Crab Pot restaurant in Jacksonville Beach, walked across the south pavilion parking lot, and met a Mr. Rosa. The policeman testified (over hearsay objection) that Mr. Rosa told him that, when the alarm went off, he looked at the Crab Pot and saw four people standing outside the restaurant, two of whom  a male and a female  then ran[1] past him on the sidewalk on their way to a pavilion in the parking lot. Mr. Rosa testified himself that, after the alarm sounded, C.D.B. walked with her companion to the pavilion. The policeman arrested C.D.B. on the pavilion for loitering at the Crab Pot.[2] On cross examination, Mr. Rosa said he would probably agree that a lot of people walk up and down the boardwalk in front of the Crab Pot on the beach side, but not at two o'clock in the morning.
C.D.B. called Donald Jaffe as a witness. The State objected to his testifying because he had not been named as a witness during discovery. No other objection was stated. C.D.B.'s counsel countered that the State was not prejudiced by the discovery violation. The trial court, without inquiring into the asserted discovery violation, sustained the objection and excluded the defense witness, but C.D.B.'s counsel was permitted to summarize the testimony she sought to elicit from Mr. Jaffe.
MS. LANGHAM: What the proffer would show through Mr. Jaffe's testimony is that he is a resident of the beach and he has frequented the area around the Crab[P]ot and the Pavilion at all hours of the night. And it's very common for people to walk the b[oar]dwalk and the Pavilion and the Crab[P]ot area.
Furthermore, his testimony would show that there is a b[oar]dwalk in front of the Crab[P]ot Restaurant on the beach side. There is a b[oar]dwalk. It's like a paved concrete road that's on the beach side of the Crab[P]ot area. And it's very common for pedestrians to walk up and down the area and there is some benches out there. And they sit in this area all hours of the night, in the wee hours of the night sitting out there talking.
Some people have  there are groups of people that go out to the beach and sit on the benches and walk up and down the b[oar]dwalk. And that is what his testimony would show.
This testimony would have been relevant. C.D.B. was accused of violating section 856.021, Florida Statutes (1993), which provides:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(Emphasis added.) C.D.B.'s whereabouts early the morning of November 15, 1994, were not in dispute. The defense sought to raise a reasonable doubt as to whether C.D.B. was "in a place, at a time ... not usual for law-abiding individuals." The proffered testimony was not cumulative and *741 would have contradicted Mr. Rosa's testimony about what was usual at that hour.
Under Richardson v. State, 246 So.2d 771 (Fla. 1971), "[o]nce the asserted discovery violation was brought to the court's attention, the trial judge was required to conduct an inquiry, rule on whether a violation occurred, and determine whether the evidence was admissible." Sears v. State, 656 So.2d 595, 596 (Fla. 1st DCA 1995). If a trial court determines that a discovery violation has occurred, "[t]he extent to which sanctions should be imposed ... depends upon the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and most important, whether it prejudiced the opposition's ability to prepare for trial." L.W. v. State, 618 So.2d 349 (Fla. 2d DCA 1993), citing Richardson, 246 So.2d at 775. "No sanction should be imposed, least of all the most extreme, without an adequate hearing to determine the cause and effect of the failure to disclose." O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA) (citing Bradford v. State, 278 So.2d 624 (Fla. 1973)), review denied, State v. O'Brien, 461 So.2d 116 (Fla. 1984); Richardson; Briseno v. State, 449 So.2d 312 (Fla. 5th DCA 1984); Neimeyer v. State, 378 So.2d 818 (Fla. 2d DCA 1979).
We reject the contention that C.D.B. has not preserved the point because she did not specifically request a Richardson hearing. The cases are clear that "`no magic words exist to trigger the requirement that the trial court conduct a Richardson hearing.'" Sears, 656 So.2d at 596, quoting Brown v. State, 640 So.2d 106 (Fla. 4th DCA 1994). "[O]nce put on notice of a violation, the trial court has an affirmative obligation to conduct a hearing without the defendant[] specifically requesting one." Id. See also In the Interest of F.R., 539 So.2d 588, 589 (Fla. 1st DCA 1989) (rejecting the State's contention that the appellant waived the right to a Richardson hearing by failing specifically to request a hearing); accord Rath v. State, 627 So.2d 24 (Fla. 5th DCA 1993).
A trial court's failure to conduct a Richardson hearing is subject to harmless error analysis. State v. Schopp, 653 So.2d 1016 (Fla. 1995). When the prosecution has violated a discovery rule but the trial court has nevertheless, without an adequate Richardson hearing, allowed the State's evidence in, the prescribed procedure on appeal requires:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred.
Id. at 1020. Harmless error analysis is also necessary when the defense's violation of a discovery rule results in exclusion of defense evidence without an adequate Richardson hearing. State v. Pender, 661 So.2d 304 (Fla. 1995); O'Rourke v. State, 661 So.2d 800 (Fla. 1995), aff'g O'Rourke v. State, 645 So.2d 569 (Fla. 5th DCA 1994). "[I]n the vast majority of cases it will be readily apparent that the record is insufficient to support a finding of harmless error." Schopp, 653 So.2d at 1021.
When defense evidence has been excluded as a sanction for violation of a discovery rule, the rule of decision on appeal is somewhat different. Our supreme court recently gave an affirmative answer to the following question:
WHERE THE COURT'S INQUIRY INTO THE CIRCUMSTANCES OF A DEFENSE DISCOVERY VIOLATION FAILS TO ADDRESS THE EFFECT, IF ANY, THE VIOLATION HAS ON THE STATE'S ABILITY TO PREPARE FOR TRIAL, BUT A PROFFER IS MADE OF THE EVIDENCE EXCLUDED ON ACCOUNT OF THE VIOLATION, CAN THE PROFFER BE USED BY THE REVIEWING COURT TO DETERMINE THAT THE DEFICIENCY IN THE RICHARDSON HEARING CONDUCTED WAS HARMLESS ERROR?
O'Rourke, supra. In that case, the evidence in dispute had been properly excluded on additional grounds completely independent of any violation of a discovery rule. The trial court had found, and the district court had *742 agreed, that the evidence ruled inadmissible was both irrelevant and cumulative.
The spoken proffer in the present case did not demonstrate that the trial court's imposition of a sanction without conducting a Richardson hearing was harmless error. The excluded testimony was offered to show that Mr. Jaffe, who supposedly frequented the Crab Pot and pavilion area at all hours of the night, commonly observed people walking the boardwalk, and gathering on the pavilion or elsewhere in the vicinity of the Crab Pot even at two o'clock in the morning. We cannot say beyond a reasonable doubt that Mr. Jaffe's testimony would not have affected the outcome, since it may have raised a reasonable doubt about whether C.D.B. was acting "at a time or in a manner not usual for the safety of persons or property in the vicinity." § 856.021(1), Fla. Stat.(1993).
In excluding Mr. Jaffe's testimony, the trial court acted exclusively on the ground that the defense had been guilty of a discovery violation, without conducting a Richardson hearing. The record does not demonstrate either that the sanction was appropriate, notwithstanding omission of the Richardson hearing, or that imposition of the sanction was harmless beyond a reasonable doubt because it could not reasonably have affected the outcome of the adjudicatory hearing.
Reversed and remanded.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The trial judge allowed the officer's testimony "to prove the course of conduct this officer pursued," and expressly ruled that his testimony could not be used to prove the truth of what Mr. Rosa purportedly said. When Mr. Rosa testified, he said that C.D.B. was walking with a companion and identified nothing unusual about her manner.
[2] The delinquency petition accused C.D.B. of "being on and running away from the deck area of the Crab Pot after normal business hours and after the Crab Pot's burglary alarm activated contrary to the provisions of Section 856.021, Florida Statutes."