671 So.2d 827 (1996)
Norman Gene COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03823.
District Court of Appeal of Florida, Second District.
April 10, 1996.
PER CURIAM.
Norman Gene Collins appeals the summary denial of his postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's denial in all respects, except one. We remand for a determination of whether Collins' attorney provided ineffective assistance of counsel in failing to request a Richardson hearing[1] when it became clear through testimony of a police officer that a discovery violation under *828 Florida Rule of Criminal Procedure 3.220(b)(1)(iii) had occurred.
Collins was convicted of burglary, possession of burglary tools and grand theft. Collins filed a postconviction relief motion which the trial court summarily denied. This court reversed, since the trial court's attachments did not refute Collins' claims of ineffective assistance of counsel.[2] On remand, the trial court again denied Collins' motion without a hearing, with copious attachments. That summary denial is before this court in this appeal.
In his motion, Collins asserted his counsel was ineffective for failure to object to, and request a Richardson hearing on, Officer Konga's testimony that Collins informed her he received a ride from his co-defendant from the Shell station on Druid and Missouri. This statement would place Collins at the scene of the crime, which was situated between the gas station and the point of arrest. Collins' defense was, and his co-defendant testified that[3], Collins received a ride after the burglary occurred. This testimony by Officer Konga was in seeming contradiction to her deposition statement.[4] At trial, Collins' attorney cross-examined Officer Konga:
Q: And when did you suddenly remember that he told you he got a ride at the Shell Station on South Missouri south of the scene?
A: I knew that.
Q: When did that come to you? Do you remember me asking you at the deposition what statements my client had made to you after Miranda?
A: Yes sir.
Q: And I asked you if there were any more? This is the first time this evidence has ever been heard.
It is apparent, not only from the question asked by the assistant state attorney to elicit this information, but also from a map created by the state of the crime scene, that the state was aware what Officer Konga's testimony would be, despite her answers to questions posed during the deposition.
Accordingly, we reverse and remand for an evidentiary hearing. Collins' claim that his attorney was ineffective for not preserving the discovery error for appeal is facially sufficient and is not refuted by the portions of the record attached by the trial court. The omission may have been error on the part of the attorney or it may have been trial strategy. Matters of trial strategy should not be determined without an evidentiary hearing. Harley v. State, 594 So.2d 352 (Fla. 2d DCA 1992); Oppenheimer v. State, 659 So.2d 1370 (Fla. 2d DCA 1995).
Appellant must seek review of any subsequent order of the trial court within thirty days.
Reversed and remanded.
BLUE and WHATLEY, JJ., concur.
SCHOONOVER, A.C.J., dissents.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).
[2] Collins v. State, 652 So.2d 901 (Fla. 2d DCA 1995).
[3] Collins' co-defendant pleaded guilty to the crime and received a sentence of ten years' incarceration.
[4] Q: (By Mr. Todd) Page 12, line 12or line 10 question, "Okay. All right. Was Miranda read to both of them at the scene there at this time?"

A: "I read Mr. Collins Miranda, yes."
A: "I did the second time, yes sir. I didn't know Officer Treble had done it at that point."
Q: "Okay. And what did he have to say?"
A: "He told me he got a ride with the other driver."
Q: "Okay. And what did he say? Anything else?"
A: "He said he knew him from Tampa."
[Q:] "Okay. Anything else?"
[A:] "Not that I remember."