823 So.2d 281 (2002)
Halvert SWANSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3071.
District Court of Appeal of Florida, Fifth District.
August 9, 2002.
*282 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Swanson appeals from a judgment of conviction for one count of capital sexual battery,[1] battery,[2] and committing a lewd act on a child,[3] following a jury trial. He was sentenced to a mandatory life term on the capital sexual battery offense, one year credit for time served on the battery, and 15 years on the lewd act offense, concurrent with the life sentence. A special verdict determined Swanson was over 18 years of age and that he had penetrated the victim's vagina with his penis. The court also declared and found him to be a sexual predator. We affirm.
The evidence at trial established that Swanson was left to babysit his two daughters and two other children, in their mother's home, while she was working at a night job. Swanson and the mother were not living together at the time. Swanson's younger daughter, the victim, then seven years old, told her older sister that Swanson had put his private part in her bottom a number of times. The older sister told her mother, and the mother had the child examined. Based on the examination, the police were called, and Swanson was charged with these offenses.
Swanson makes two arguments to obtain reversal of his convictions and a new trial. First he argues that it was error for the trial judge to overrule, at trial, a pre-trial ruling that barred Dr. Carlos Columbo (who performed the medical examination of the victim at the hospital), from testifying as an expert in child abuse investigations, that it was common for young children to mistake vaginal penetration with anal penetration. The judge who made this ruling in advance of the trial did so, however, without prejudice to revisit it at trial, concluding at that point the testimony was not relevant.
At trial, a different judge overruled the prior judge's ruling, and permitted Dr. Columbo to so testify. His opinion was that the victim was not clear in differentiating areas of her vagina from her anus, and that the victim's hymen was missing, consistent with evidence of penetration. He was permitted to give his expert opinion that it was not uncommon for young children to make that mistake.
A judge's pretrial ruling on a motion in limine is tentative. Donley v. State, 694 So.2d 149, 150 (Fla. 4th DCA 1997). In this case it was made expressly "without prejudice" to revisit the ruling at trial. Thus, the ruling is subject to an abuse of discretion standard on appeal. Blanco v. State, 452 So.2d 520, 523 (Fla. 1984). We find no error here. Nor did the defense at trial present any cogent reasons why this testimony should not have been admitted, other than it was improper to "reverse" the prior ruling.
Related to this same line of testimony, Swanson argues that there was a "Richardson" violation[4] because the state failed to inform it of a "change" in Dr. Columbo's testimony, which was tantamount *283 to failing to disclose a witness. See State v. Evans, 770 So.2d 1174 (Fla.2000). On cross-examination, Dr. Columbo stated that he took swabs of the victim's vagina and anus, and asked if there had been penetration of her vagina. She answered both "yes" and "I don't know." When he tried to clarify, the victim said she was "not sure."
The defense objected and a bench conference was held. On redirect, the prosecution asked Dr. Columbo about his report, noting there was a portion labeled "circumstance," and whether this related to the history he heard from the child prior to the examination. Dr. Columbo agreed that was correct. He also explained he did not mean to misstate anything, but that his interpretation was what the victim told him. He asked her, during the pelvic examination, what happened regarding the injury, but did not put her response in the report. He said there are many victim explanations that do not get put into reports.
Again the defense objected. The judge granted a bench conference. The defense argued this statement was evidence that should have been provided to the defense long ago. The judge overruled the objection.
We conclude that in this case, if there was an alleged discovery violation, that the trial judge held two bench conferences which appear to qualify as a "Richardson hearing." See Bush v. State, 461 So.2d 936 (Fla.1984). See also Sears v. State, 656 So.2d 595 (Fla. 1st DCA 1995); Brown v. State, 640 So.2d 106 (Fla. 4th DCA 1994); Rath v. State, 627 So.2d 24 (Fla. 5th DCA 1993). Dr. Columbo made a rational and cogent explanation for not having put all the victim's statements made during his examination of her, in his report. After conducting what amounted to a Richardson hearing, the trial court concluded that there had been no discovery violation, or if so, that it did not prejudice the defendant. Under these circumstances we agree.
The objected to statements at trial by Dr. Columbo were not in his report, and were not shown to have been known to the state, prior to his cross-examination, by the defense, at trial, where they were brought out. Nor did the defense claim the state knew of, but failed to disclose these statements. § 924.051; Archer v. State, 613 So.2d 446 (Fla.1993); Pope v. State, 646 So.2d 827 (Fla. 5th DCA 1994). Further the statements of the victim were frankly not that inconsistent with her prior testimony or her trial testimonythat clearly sexual batteries had occurredalthough she was not clear which part of her anatomy had been violated. This is also consistent with Dr. Columbo's expert opinion which had been proffered long before the trial, and was known to the defense that young children often make such anatomical mistakes.
AFFIRM.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] § 794.011(2), Fla. Stat.
[2] § 784.03, Fla. Stat.
[3] § 800.04(1), Fla. Stat.
[4] Richardson v. State, 246 So.2d 771 (Fla. 1971).