979 So.2d 243 (2007)
Kendal MAJOR, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1808.
District Court of Appeal of Florida, Third District.
May 30, 2007.
Rehearing Denied September 21, 2007.
Lisa Berlow Lehner, for appellant.
Bill McCollum, Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The defendant, Kendal Major, Jr., appeals his conviction and sentence for first-degree murder contending that the trial court erred in failing to conduct a Richardson[1] hearing. We affirm.
*244 The victim, Derrick Roberts ("Roberts"), arrived at his ex-girlfriend's home to drop off their daughter. The defendant was living with Roberts' ex-girlfriend and was present at her home when Roberts arrived. In her deposition testimony, Maria Almentero, a witness who was also present at the home, testified that a confrontation between the defendant and Roberts ensued in the driveway. She walked outside of the home to diffuse the argument and saw Roberts sitting in the driver's seat of his car. She also testified that she saw the defendant standing outside of Roberts' car firing a handgun through the windshield. In addition, she saw three men on a balcony on the third floor of the building shooting at the windshield with a shotgun. Roberts died as a result of a gunshot wound to his brain. Notably, the defense's theory of the case was that Roberts' death was caused by a bullet fired from the shotgun, not the defendant's handgun.
Prior to the defendant's trial, the medical examiner, Dr. Shuman, stated that that he could not conclude whether the bullet fragment removed from Roberts' brain, which he identified as the fatal bullet, came from a handgun or a shotgun. However, at trial, Dr. Shuman testified that he was certain that the fatal bullet was fired from a handgun. Dr. Shuman also testified that he changed his opinion the morning of trial when the prosecutor met with him, provided him an additional photograph of the headrest in Roberts' car, and told him that a witness testified that a shotgun was fired from the third floor.
The record reflects that, after the prosecutor became aware of Dr. Shuman's changed opinion, she failed to immediately disclose the inconsistent testimony to the defense. Although Dr. Shuman's expected testimony was critical evidence in the State's case, the prosecutor inexplicably failed to mention that Dr. Shuman would now testify that the fatal bullet was fired from a handgun. Additionally, during Dr. Shuman's direct examination, the prosecutor asked as follows:
Prosecutor: There is no inconsistency between what you are saying today and what you said in your deposition?
Defense Attorney: Object to the form of the question.
The Court: Sustained.
The Witness: I don't think so.
This question by the prosecutor is troubling given the significant and blatant inconsistencies between Dr. Shuman's conclusions at his deposition and at trial.
In this case, it is undisputed that defense counsel was surprised by and unprepared for Dr. Shuman's changed opinion. It is also undisputed that, upon learning of Dr. Shuman's changed opinion during his direct examination, defense counsel did not object to the existence of a possible discovery violation or request a Richardson hearing. Instead, defense counsel cross-examined Dr. Shuman and attempted to impeach him using a medical report that apparently reflected his inconsistent testimony.
Where a defendant fails to timely object to a discovery violation or to request a Richardson hearing, the defendant does not preserve the point for appellate review. Celestine v. State, 717 So.2d 205, 206 (Fla. 5th DCA 1998) (citations omitted)(finding that the issue of the trial court's failure to conduct a Richardson hearing was not preserved for appellate review because the defendant failed to make an objection when the discovery violation occurred and raised the argument for the first time on appeal). It is well settled that the state's non-compliance with discovery rules does not mandate automatic reversal and, therefore, it is essential *245 that the defendant either raise a timely objection or request a hearing to allow the trial court to specifically rule on the issue. See, e.g., Lucas v. State, 376 So.2d 1149, 1151 (Fla.1979)(holding that the trial court did not err in failing to conduct a Richardson hearing where "defense counsel brought the state's non-compliance to the attention of the court, [but] did not interpose an objection"); Simon v. State, 615 So.2d 236, 237 (Fla. 3d DCA 1993)(finding that the trial court did not err in failing to conduct a Richardson hearing where the defendant failed to object when a police officer testified about evidence which was not admitted); Taylor v. State, 589 So.2d 918, 919-20 (Fla. 4th DCA 1991)(concluding that the trial court did not err in failing to conduct a Richardson hearing where the defendant did not object when an unlisted witness was offered by the state). When the defendant does not raise an objection to the state's purported discovery violation, a trial court is not required to conduct a further inquiry. Lucas, 376 So.2d at 1152. Moreover, the Florida Supreme Court has noted that, under such circumstances, a reviewing court should not "indulge in the presumption that that the trial judge would have made an erroneous ruling had an objection been made. . . ."[2]Id.
We do not find that the trial court committed reversible error in failing to conduct a Richardson hearing. Here, defense counsel never presented the trial court with an objection on the basis of a discovery violation when Dr. Shuman testified on direct examination. Moreover, upon learning of Dr. Shuman's changed opinion, the defendant also failed to request a Richardson hearing or move for a mistrial. Instead, defense counsel scrambled to impeach Dr. Shuman on cross-examination with a medical report that reflected his inconsistent testimony. Under these facts, the trial court was hardly given adequate notice of a discovery violation which might have obligated it to conduct a further inquiry. Cf. State v. Evans, 770 So.2d 1174 (Fla.2000)(finding that the trial court erred in failing to conduct a Richardson hearing when defense counsel notified the trial court of a purported discovery violation by moving for a mistrial on the basis of the witness' changed testimony from her deposition and her direct examination); Rath v. State, 627 So.2d 24 (Fla. 5th DCA 1993)(finding that the trial court erred in failing to conduct a Richardson hearing when the defendant notified the trial court of a discovery violation by objecting to the state's introduction of two undisclosed expert witnesses). Thus, the defendant cannot argue for the first time on appeal that the trial court erred in failing to conduct a Richardson hearing concerning a possible discovery violation.
However, the defendant may seek post-conviction relief under Florida Rule of Criminal Procedure 3.850 for ineffective assistance of counsel. See Collins v. State, 671 So.2d 827 (Fla. 2d DCA 1996)(concluding that an evidentiary hearing was required on defendant's claim he was denied effective assistance of counsel when his attorney did not object or request a Richardson hearing upon learning of a police officer's changed testimony at trial). A *246 better case for ineffective assistance of counsel is difficult to imagine as the changed testimony here crippled the defense's theory of the case and would have caused a criminal defense attorney with any modicum of effectiveness to object to this new evidence and demand a Richardson hearing. Undoubtedly, the defendant's proper course of action is to pursue a claim that his attorney was ineffective for not preserving the purported discovery error for appellate review.
Based on the record before us, we cannot conclude that the trial court committed reversible error where the attorney failed to object or request a Richardson hearing upon learning of Dr. Shuman's changed opinion. Accordingly, we affirm the defendant's conviction and sentence.
Affirmed.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] The defendant improperly relies on Scipio v. State, 928 So.2d 1138 (Fla.2006), to support his contention that the trial court erred in failing to hold a Richardson hearing. In Scipio, the court found that the State committed a harmful discovery violation which warranted reversal. In contrast, neither this court nor the trial court has specifically found that the State committed a discovery violation. Instead, we find that we cannot reach the issue of whether a discovery violation occurred because this was not preserved for appellate review.