BROWNING, C.J.,
concurring in part and dissenting in part.
I concur as to all issues except issue four, addressed in the majority opinion. I disagree that there is no discovery violation and if there is a discovery violation, it is not prejudicial.
The majority’s determination that there is no discovery violation here is not plausible under existing precedent. See Thompson v. State, 796 So.2d 511 (Fla.2001). Before trial, Appellant sent out a discovery request pursuant to Florida Rule of Criminal Procedure 3.220 asking Appellee if it was aware of any statements made by Appellant that would be used to prosecute him (a very straightforward, customary, and garden variety request). On June 27, 2003, Appellee responded “none,” and this remained the status of Appellee’s discovery response until Appellant’s trial commenced. During trial, on or about September 9, 2004, after testimony had been given by two state witnesses, Appellee’s counsel advised the trial court that the two arresting officers were prepared to testify that Appellant, who was charged with possession of a firearm by a convicted felon, stated the firearm “had been bought by him [Appellant] from a drug dealer.” Appellant’s counsel objected on hearsay grounds (an objection denied) but failed to ask for a Richardson hearing, and the testimony was admitted. How the majority can conclude from those facts there was no discovery violation, and that incompetent counsel has not been shown, perplexes me in view of precedent. See Richardson, 246 So.2d at 771; Thompson.
Moreover, in analogous situations relief, as requested by Appellant, has been routinely considered to be available. In Major v. State, 32 Fla. L. Weekly D1383, — So.2d -, 2007 WL 1541923 (Fla. 2d DCA May 30, 2007), that court said in a direct appeal, that where relief was denied because of preservation issues, the appellant certainly had a right to post-conviction relief as follows:
However, the defendant may seek post-conviction relief under Florida Rule of Criminal Procedure 3.850 for ineffective assistance of counsel. See Collins v. State, 671 So.2d 827 (Fla. 2d DCA 1996) (concluding that an evidentiary hearing was required on defendant’s claim he was denied ineffective assistance of counsel when his attorney did not object or request a Richardson hearing upon learning of a police officer’s changed' testimony at trial). A better case for ineffective assistance of counsel is difficult to imagine as the changed testimony here crippled the defense’s theory of the case and would have caused a criminal *276 defense attorney with any modicum of effectiveness to object to this new evidence and demand a Richardson hearing. Undoubtedly, the defendant’s proper course of action is to pursue a claim that his attorney was ineffective for not preserving the purported discovery error for appellate review.
Id. at-, at D1384 (emphasis added).* This sentiment is equally applicable here where Appellee, after denying that Appellant had made any statements, at trial some 15 months later, changed its position and said he had done so, and this court should grant Appellant the constitutional right he was disallowed, competent counsel.
Apparently, my learned colleagues are impressed by Appellant’s inability to state with exactitude what might have happened in the proceeding had a Richardson hearing been requested and held. However, this is not the standard for determining prejudice that flows from a failure to hold a Richardson hearing. The Florida Supreme Court has addressed this very point as follows:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have ben-efltted the defendant.
State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). I cannot fathom any circumstances where the admission of the officers’ testimony did not procedurally prejudice Appellant under this standard.
Moreover, the majority opinion seems to be in direct conflict with Thompson, where an evidentiary hearing was ordered, and the court opined:
The issue raised by Thompson in this subclaim, although based on the same incident, is different. Specifically, Thompson asserts that defense counsel was ineffective in failing to request a Richardson hearing once the State admitted that it had been privy to that information a few weeks prior to trial. Pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971):
[Wjhen the State violates a discovery rule, the trial court has discretion to determine whether the violation resulted in harm or prejudice to the defendant, but this discretion can be properly exercised only after adequate inquiry into all the surrounding circumstances. In making such an inquiry, the trial judge must first determine whether a discovery violation occurred. If a violation is found, the court must assess whether the State’s discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what affect [sic] it had on the defendant’s ability to prepare for trial.
[[Image here]]
These facts do not conclusively demonstrate that Thompson is entitled to no relief. Mr. Smith’s testimony was the *277 only direct evidence which placed Thompson at the cemetery near the time of the murders. Consequently, any further information which this witness might have had, and which was known by the State, would have likely been of some relevance. We therefore remand this claim to the trial court for consideration of this subject matter after an evidentiary hearing. See, e.g., Collins v. State, 671 So.2d 827, 828 (Fla. 2d DCA 1996) (remanding for evidentiary hearing to determine if defense counsel was ineffective in not requesting a Richardson hearing when witness gave testimony tending to locate defendant at scene of the crime).
Thompson, 796 So.2d at 519 & 521. Here, the firearm was not found in Appellant’s actual possession, but at a suspicious proximity to him. By introducing Appellant’s statement, Appellee removed any doubt of Appellant’s connection with the firearm and made Appellee’s case “airtight.” Not to find a violation here and require a remand for an evidentiary hearing or for attachment of copies that refute Appellant’s claim is simply a misapplication of the law, in my judgment.
For these reasons, I dissent and cannot take part in denying to Appellant the opportunity to show that he was denied competent counsel. I would REVERSE and REMAND for an evidentiary hearing or for the attachment of those portions of the record that conclusively show Appellant is not entitled to relief on issue four.

 Defense counsel's ineffectiveness here is even more egregious than in Major. Appellee’s counsel opined, without Appellant’s consent and incorrectly, that he had heard the statement mentioned in an earlier proceeding, whereupon the trial court admitted the statement. Appellant immediately corrected his counsel on this astounding lapse of competence, but the trial court would not revisit his ruling when Appellant's counsel, under prodding from Appellant, sought to revisit the issue.